UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

Docket # 7:23-CV-07905

EQUITABLE FINANCIAL LIFE INSURANCE
COMPANY

                              Plaintiffs,

                                                          **ANSWER WITH
                                                          CROSSCLAIMS**

        -against-

ALYSHA TRIANTAFILLOU, ALYSHA
TRIANTAFILLOU AS ADMINISTRATRIX OF THE
ESTATE OF IOANNIS TRIANTAFILLOU, TAMMY
THANOS, CHRISTINA STEFANOPOULOS

                              Defendants.
------------------------------------------------------------------------X

        Defendants, ALYSHA TRIANTAFILLOU, ALYSHA TRIANTAFILLOU AS ADMINISTRATRIX OF
THE ESTATE OF IOANNIS TRIANTAFILLOU ("Defendant") by and through their counsel,
Alexander Kadochnikov, Esq. of Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP,
answers separately numbered paragraphs in the Answer containing affirmative defenses and
cross-claims as follows:

                    **RESPONSE STATEMENTS TO PARTIES**

1.  Defendant denies the information or knowledge to either admit or deny Paragraph 1 of
    the Complaint.

2.  Defendant denies the allegations in Paragraph 2 of the Complaint.

3.  Defendant denies the allegations in Paragraph 3 of the Complaint.

4.  Defendant admits the allegations in Paragraph 4 of the Complaint.

5.  Defendant denies the information or knowledge to either admit or deny Paragraph 5 of
    the Complaint.

6.  Defendant denies the information or knowledge to either admit or deny Paragraph 6 of
    the Complaint.

1

## RESPONSE STATEMENTS TO JURISDICTION AND VENUE

7.   Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.   Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9.   Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

## RESPONSE STATEMENTS TO FACTS SUPPORTING INTERPLEADER

11. Defendant denies the information or knowledge to either admit or deny Paragraph 11 of the Complaint.

12. Defendant denies the information or knowledge to either admit or deny Paragraph 12 of the Complaint. The document referenced in the Complaint as Exhibit B speaks for itself.

13. Defendant admits the allegations in Paragraph 13 of the Complaint to the extent that beneficiaries of the Policy referenced in Exhibit A are Stavriani Triantafillou and Christoforos Triantafillou, but otherwise denies the allegations.

14. Defendant denies the information or knowledge to either admit or deny Paragraph 14 of the Complaint. Defendant separately denies that Ionis Trianrafillou requested a change of address on the Policy.

15. Defendant denies the information or knowledge to either admit or deny Paragraph 15 of the Complaint. Defendant separately denies that Ionis Trianrafillou placed any telephonic requests with the Plaintiff as he was unable to speak without an interpreter since 2011.

16. Defendant denies the information or knowledge to either admit or deny Paragraph 16 of the Complaint. Defendant separately denies that Ionis Trianrafillou requested the Benefeciary Change Form.

17. Defendant admits the allegations in Paragraph 17 of the Complaint to the extent that "The Beneficiary Change Form contained "Special Instructions," providing that if the Cousin Beneficiaries predeceased the Insured, 100% of the insurance proceeds owed under the Policy were to be left to the Cousin Beneficiaries' "issue, per stirpes," and noting that "their children are Tammy Thanos and Christina Rentoulis." Any other allegations in Paragraph 17 of the Complaint are denied.

18. Defendant denies the information or knowledge to either admit or deny Paragraph 18 of the Complaint.

19. Defendant denies the information or knowledge to either admit or deny Paragraph 19 of the Complaint.

20. Defendant admits the allegations in Paragraph 20 of the Complaint to the extent that the Insured passed away in Tripoli, Arcadia Greece, and denies the information or knowledge to either admit or deny the rest of the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the information or knowledge to either admit or deny Paragraph 21 of the Complaint.

22. Defendant admits the allegation in Paragraph 22 of the Complaint.

23. Defendant admits the allegation in Paragraph 23 of the Complaint.

24. Defendant denies the information or knowledge to either admit or deny Paragraph 24 of the Complaint. Defendant separately denies the allegation that Tammy is a true beneficiary of the Policy.

25. Defendant admits the allegation in Paragraph 25 of the Complaint.

26. Defendant admits the allegations in Paragraph 26 of the Complaint to the extent that Equitable's counsel responded with a request for documentation, but otherwise denies all other allegations.

27. Defendant admits the allegations in Paragraph 27 of the Complaint to the extent of the information contained in the correspondence attached as Exhibit L, but otherwise denies all other allegations.

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the information or knowledge to either admit or deny Paragraph 30 of the Complaint.

31. Defendant denies the information or knowledge to either admit or deny Paragraph 30 of the Complaint.

32. Defendant denies the information or knowledge to either admit or deny Paragraph 32 of the Complaint.

33. Defendant denies the information or knowledge to either admit or deny Paragraph 33 of the Complaint.

34. Defendant denies the information or knowledge to either admit or deny Paragraph 34 of the Complaint.

35. Defendant denies the information or knowledge to either admit or deny Paragraph 35 of the Complaint.

36. Defendant denies the information or knowledge to either admit or deny Paragraph 36 of the Complaint.

37. Defendant denies the information or knowledge to either admit or deny Paragraph 37 of the Complaint.

## RESPONSE TO INTERPLEADER TO DEPOSIT INSURANCE POLICY DEATH BENEFITS INTO THE REGISTRY OF THE COURT

38. No response is required to Paragraph 38 of the Complaint.

39. Defendant denies the information or knowledge to either admit or deny Paragraph 39 of the Complaint.

40. Defendant denies the information or knowledge to either admit or deny Paragraph 40 of the Complaint.

41. Defendant denies the information or knowledge to either admit or deny Paragraph 41 of the Complaint.

42. Defendant denies the information or knowledge to either admit or deny Paragraph 42 of the Complaint. Defendant separately denies that Equitable is entitled to payment of costs, disbursements, and/or attorney fees.

43. Defendant denies the information or knowledge to either admit or deny Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint

## CROSS-CLAIM AGAINST CHRISTINA STEFANOPOULOS AND TAMMY THANOS

45. Defendant repeats and realleges all previous paragraphs as if fully set forth herein.

## PRELIMINARY STATEMENT

46. Alysha Triantafillou and Alysha Triantafillou as Administratrix of the estate of Ioannis Triantafillou ("Cross-Claimant") brings this cross-claim against Tammy Thanos, Christina Stefanopoulos ("Cross-Claim Defendants") for an Order for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the Cross-Claimant to be the

rightful beneficiary of one hundred (100%) of the proceeds of the life insurance policy

bearing number xxxx6693 ("Policy").

## STATEMENT OF FACTS

47. Alysha Triantafillou is the daughter and sole heir of Ioannis Triantafillou ("Ioannis")

48. Ioannis has not been able to verbally communicate since 2013 because of his Parkinson's

disease.

49. Reference is hereby made to Paragraph 14 of Plaintiff's Complaint. Ioannis has never

lived at 94 Baldwin Lane c/o Nikolaos Rentoulis, Mahopac, NY 10541.

50. Reference is hereby made to Paragraph 15 of Plaintiff's Complaint. Ioannis could not

physically make a phone call to Equitable and requested an illustration of the Policy as he

was physically unable to speak since 2013.

51. On information and belief Nikolaos J. Rentoulis and Dina Rentoulis submitted a

fraudulent request to change the beneficiaries of the Policy, because by 2020 Ioannis was

no longer able to write.

52. Neither Cross-Claim Defendants are entitled to the Death Benefits.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment)

53. Cross-Claimant repeats and realleges all previous paragraphs as if fully set forth herein.

54. There exists a justiciable controversy with regard to the proceeds of the life insurance

policy.

55. Cross-Claimant is respectfully requesting a declaratory judgment in favor of the Cross-

Claimant and against Cross-Claim Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Cross-Claimant demands judgment declaring it to be the rightful beneficiary of

the one hundred (100%) of the proceeds of the death benefit of the Policy, and any accrued

interest.

Dated: November 16, 2023
      Kew Gardens, NY

                /s/ <u>Kadochnikov</u>

                _____
                Alexander Kadochnikov, Esq.
                Shiryak, Bowman, Anderson,
                Gill & Kadochnikov, LLP
                *Attorney for the Defendant/Cross-Claimants*
                *Alysha Triantafillou, Alysha Triantafillou as*
                *Administratrix of the Estate of Ioannis Triantafillou*

                80-02 Kew Gardens Rd, Suite 600
                Kew Gardens, NY 11415
                718-577-3261
                akadochnikov@sbagk.com

To:    Lisa A. Herbert
       Nelson Mullins Riley & Scarbourough LLP
       330 Madison Avenue, 27th Floor
       New York, New York 10017
       *Attorney for Plaintiff Equitable Financial Life Insurance*
       *Company*

       Mark A. Rubeo jr., Esq.
       Reisman Rubeo, LLP
       151 Broadway
       Hawthorne, NY 10532
       *Attorneys for Interpleader Defendant*
       *Christina Stefanopoulos*

       Joshua S. Androphy, Esq
       Morrison Tenenbaum PLLC
       87 Walker Street 2nd Floor,
       New York, NY 10013
       *Attorneys for Interpleader Defendant*
       *Tammy Thanos*