## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

EQUITABLE FINANCIAL LIFE
INSURANCE COMPANY,

       Interpleader Plaintiff,

v.

ALYSHA TRIANTAFILLOU, ALYSHA
TRIANTAFILLOU AS ADMINISTRATRIX
OF THE ESTATE OF IOANNIS
TRIANTAFILLOU, TAMMY THANOS,
CHRISTINA STEFANOPOULOS,

       Interpleader Defendants.

**C.A. No.: 7:23-cv-07905-PMH**

Plaintiff's application for leave to file an Amended Complaint is granted. Plaintiff shall file the Amended Complaint by March 15, 2024.

**SO ORDERED.**

_____
Philip M. Halpern
United States District Judge
Dated:  White Plains, New York
    March 8, 2024

## STATUS REPORT AND
## REQUEST FOR FILING AN AMENDED COMPLAINT IN INTERPLEADER

    Pursuant to the Court's Order dated February 8, 2024 (Doc. 45), Plaintiff Equitable Financial Life Insurance Company ("Equitable") submits this Status Report regarding its investigation into assignments on the life insurance policy bearing number xxxx6693 ("Policy") issued to Ioannis Triantafillou ("Ioannis").   With written consent by the above-captioned Interpleader Defendants, Equitable further submits a proposed Amended Complaint for Interpleader for the Court's consideration in light of the findings of the investigation.  *See* Fed. R. Civ. P. 15(a)(2).

    As reported to the Court during the telephonic hearing on February 7, 2024, in preparation to deposit funds into the Court's registry, Equitable discovered assignments on the Policy executed more than twenty years ago.  Specifically, Equitable identified an "Assignment of Life Insurance Policy as Collateral" executed by Ioannis on November 8, 2002, in favor of CIT Small Business

Lending Corp. ("CIT Assignment"). (*See* CIT Assignment, attached and redacted as Exhibit A.) Equitable further identified a second "Assignment of Life Insurance Policy as Collateral" executed by Ioannis on January 22, 2023, in favor of Louis and Marie T. Zoto ("Zoto Assignment"). (*See* Zoto Assignment, attached and redacted as Exhibit B.) Equitable sent correspondence to the Zotos acknowledging the Zoto Assignment and informing them that their assignment was second to the CIT Assignment. Since the telephonic hearing with the Court, Equitable has investigated the CIT and Zoto Assignments to determine the status of the satisfaction of liabilities for which the Policy served as collateral.

Regarding the CIT Assignment, Equitable learned that ReadyCap Lending LLC ("ReadyCap") acquired certain loan portfolios from CIT in 2014. ReadyCap found records of a loan associated with Ioannis and a related business but informed Equitable, through counsel, that the loan application was withdrawn and therefore the loan never funded. Accordingly, upon information and belief, ReadyCap is not asserting a claim under the Policy.[1]

Regarding the Zoto Assignment, on February 9, 2024, Donna Tillis, Esq. of Nelson Mullins and outside counsel for Equitable, contacted Tassos Efstratiades, Esq. of Obermayer Rebmann Maxwell & Hippel LLP; Mr. Efstratiades faxed the Zoto Assignment to Equitable on their behalf in January 2003. As of February 27, 2024, Mr. Efstratiades was not able to find any contact information for the Zotos or any non-privileged materials related to the status of the Zoto Assignment.

Equitable continued its investigation by attempting to find a current address for the Zotos, and on March 1, 2024, sent overnight letters to addresses in New Jersey and Florida, which were

---

[1] Equitable's counsel requested an affirmative statement from ReadyCap that it is not asserting a claim under the Policy. Equitable is awaiting a response.

associated with the Zotos.  Also, after additional investigation of the public record, Ms. Tillis contacted Louis Lipsky, Esq. of Lipsky and Brandt as it appeared that Mr. Lipsky represented the Zotos in a 2019 matter.  By email on March 1, 2024, Ms. Tillis asked Mr. Lipsky for the Zotos' contact information, and on that same day, Louis Zoto called her.  Ms. Tillis followed up the call with an email to the Zotos enclosing the Assignment.  Thereafter, on March 4, 2024, Mr. Lipsky requested Equitable send a claim form for benefits under the Policy "so the Zotos may make a claim . . . ."  Mr. Lipsky stated that, under his interpretation of the Assignment provision, "the Insurer is authorized to recognize the Assignee's claims to rights under the policy without investigating the reason for any action taken by the Assignee or the validity or the amount of the Liabilities or the existence of any default therein."  (*See* Tillis – Lipsky Email Thread, attached as Exhibit C.)  Ms. Tillis provided Mr. Lipsky with the claim form on March 6, 2024.  (*Id.*)

Equitable believes its investigation into the Assignments is complete.  The investigation identified another competing claim to the Policy benefit—the claim by the Zotos.  Accordingly, Equitable proposes to amend its Complaint for Interpleader for just cause to add the Zotos as interpleader defendants.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend pleadings] when justice so requires."); *see also New York Life Ins. Co. v. Singh*, No. 14-cv-5726, 2017 WL 10187670, at *7 (E.D.N.Y. Mar. 8, 2017).  Equitable consulted with counsel for the Interpleader Defendants, and they provided written consent to Equitable's amending of the Complaint in Interpleader. A copy of a proposed Amended Complaint for Interpleader is attached as Exhibit D.  After the filing and proper service of an Amended Complaint for Interpleader, Equitable would request the Court's permission to deposit the funds in the Court's registry.

In light of the developments, Equitable requests a telephonic status hearing should the Court require further information.

NELSON MULLINS RILEY & SCARBOROUGH LLP

/s *Lisa A. Herbert*
Lisa A. Herbert
330 Madison Avenue, 27th Floor
New York, New York 10017
Telephone: (212) 413-9000
Email: lisa.herbert@nelsonmullins.com

*Attorney for Plaintiff Equitable Financial Life Insurance Company*

March 7, 2024