# **Exhibit T**

CIT Assignment

# DOCUMENT WORKSHEET

## Mail Specialist:  Andrea Espinoza

**Policy:** ███ 3420
         4693                    **Date:** _11.11_____

## Check Items that apply:

_____ Policy Received and filed for ___ 30 days ___ 60 days ___ 90 days

_____ Research has identified policy number as _____

_____ Initial Premium for Post Issue        _____ Received for Post Issue

_____ Single sheet of a multiple page document received

_____ Number of pages received by fax _____

_____ Poor quality document – best copy available

_____ NO death certificate received

_____ Certified copy of death certificate received

_____ Photocopy of death certificate received

(5) __X__ Notarized document received        _____ Certified document received

_____ Photocopy of ___notarized document ___certified document received

_____ Check / money order is a photocopy; not "live"

_____ No check was attached when received in Document Services

_____ Nothing attached as stated in correspondence

_____ Surrender selection #8 was not checked, only highlighted

_____ Policy number identified by processing area – not Document Services

_____ Other _____

FORM APPROVED BY
BANK MANAGEMENT COMMITTEE
AMERICAN BANKERS ASSOCIATION

Form No. 10—LIFE INSURANCE ASSIGNMENT

# ASSIGNMENT OF LIFE INSURANCE POLICY AS COLLATERAL

A.  **For Value Received** the undersigned hereby assign, transfer and set over to *CIT Small Business*
*Lending Corp* of (address) *1 ByM N 34 2 Neptune Rd E Boston MA 02128*
its successors and assigns, (herein called the "Assignee") Policy No. *6693 A*  *3620* issued by the
☑ Equitable Life Assurance Society Of The United States
☐ Equitable Of Colorado
(herein called the "Insurer") and any supplementary contracts issued in connection therewith (said policy and contracts being
herein called the "Policy"), upon the life of *Ioannis Triataffillov*
of *6 Kirschner Dr. W Nyack N.Y.* and all claims, options, privileges, rights, title and interest therein
and thereunder (except as provided in Paragraph C hereof), subject to all the terms and conditions of the Policy and to all superior
liens, if any, which the Insurer may have against the Policy. The undersigned by this instrument jointly and severally agree and the
assignee by the acceptance of this assignment agrees to the conditions and provisions herein set forth.

B.  It is expressly agreed that, without detracting from the generality of the foregoing, the following specific rights are included in this
assignment and pass by virtue hereof:
   1. The sole right to collect from the Insurer the net proceeds of the Policy when it becomes a claim by death or maturity;
   2. The sole right to surrender the Policy and receive the surrender value thereof at any time provided by the terms of the Policy
      and at such other times as the Insurer may allow;
   3. The sole right to obtain one or more loans or advances on the Policy, either from the Insurer or, at any time, from other persons,
      and to pledge or assign the Policy as security for such loans or advances;
   4. The sole right to collect and receive all distributions or shares of surplus, dividend deposits or additions to the Policy now or
      hereafter made or apportioned thereto, and to exercise any and all options contained in the Policy with respect thereto; provided,
      that unless and until the Assignee shall notify the Insurer in writing to the contrary, the distributions or shares of surplus,
      dividend deposits and additions shall continue on the plan in force at the time of this assignment; and
   5. The sole right to exercise all nonforfeiture rights permitted by the terms of the Policy or allowed by the Insurer and to receive
      all benefits and advantages derived therefrom.

C.  It is expressly agreed that the following specific rights, so long as the Policy has not been surrendered, are reserved and excluded
from this assignment and do not pass by virtue hereof:
   1. The right to collect from the Insurer any disability benefit payable in cash that does not reduce the amount of insurance;
   2. The right to designate and change the beneficiary;
   3. The right to elect any optional mode of settlement permitted by the Policy or allowed by the Insurer; but the reservation of these
      rights shall in no way impair the right of the Assignee to surrender the Policy completely with all its incidents or impair any
      other right of the Assignee hereunder, and any designation or change of beneficiary or election of a mode of settlement shall be
      made subject to this assignment and to the rights of the Assignee hereunder.

D.  This assignment is made and the Policy is to be held as collateral security for any and all liabilities of the undersigned, or any of
them, to the Assignee, either now existing or that may hereafter arise in the ordinary course of business between any of the
undersigned and the Assignee (all of which liabilities secured or to become secured are herein called "Liabilities").

E.  The Assignee covenants and agrees with the undersigned as follows:
   1. That any balance of sums received hereunder from the Insurer remaining after payment of the then existing Liabilities, matured
      or unmatured, shall be paid by the Assignee to the persons entitled thereto under the terms of the Policy had this assignment
      not been executed;
   2. That the Assignee will not exercise either the right to surrender the Policy or (except for the purpose of paying premiums) the
      right to obtain policy loans from the Insurer, until there has been default in any of the Liabilities or a failure to pay any premium
      when due, nor until twenty days after the Assignee shall have mailed, by first-class mail, to the undersigned at the addresses
      last supplied in writing to the Assignee specifically referring to this assignment, notice of intention to exercise such right; and
   3. That the Assignee will upon request forward without unreasonable delay to the Insurer the Policy for endorsement of any
      designation or change of beneficiary or any election of an optional mode of settlement.

F.  The Insurer is hereby authorized to recognize the Assignee's claims to rights hereunder without investigating the reason for any
action taken by the Assignee, or the validity or the amount of the Liabilities or the existence of any default therein, or the giving
of any notice under Paragraph E (2) above or otherwise, or the application to be made by the Assignee of any amounts to be paid
to the Assignee. The sole signature of the Assignee shall be sufficient for the exercise of any rights under the Policy assigned hereby
and the sole receipt of the Assignee for any sums received shall be a full discharge and release therefor to the Insurer. Checks for
all or any part of the sums payable under the Policy and assigned herein, shall be drawn to the exclusive order of the Assignee if,
when, and in such amounts as may be, requested by the Assignee.

G.  The Assignee shall be under no obligation to pay any premium, or the principal of or interest on any loans or advances on the Policy
whether or not obtained by the Assignee, or any other charges on the Policy, but any such amounts so paid by the Assignee from
its own funds, shall become a part of the Liabilities hereby secured, shall be due immediately, and shall draw interest at a rate fixed
by the Assignee from time to time not exceeding 6% per annum.

H.  The exercise of any right, option, privilege or power given herein to the Assignee shall be at the option of the Assignee, but (except
as restricted by Paragraph E (2) above) the Assignee may exercise any such right, option, privilege or power without notice to, or
assent by, or affecting the liability of, or releasing any interest hereby assigned by the undersigned, or any of them.

I.  The Assignee may take or release other security, may release any party primarily or secondarily liable for any of the Liabilities,
may grant extensions, renewals or indulgences with respect to the Liabilities, or may apply to the Liabilities in such order as the
Assignee shall determine, the proceeds of the Policy hereby assigned or any amount received on account of the Policy by the
exercise of any right permitted under this assignment, without resorting or regard to other security.

J.  In the event of any conflict between the provisions of this assignment and provisions of the note or other evidence of any Liability,
with respect to the Policy or rights of collateral security therein, the provisions of this assignment shall prevail.

K.  Each of the undersigned declares that no proceedings in bankruptcy are pending against him and that his property is not subject to
any assignment for the benefit of creditors.

Signed and sealed this *8th* day of *November* *2007* *Ioauuis Triataffillov* (L. S.)

*John J. Linia* Witness                                    *Louis Triataffillov* (L. S.)
                                                            Owner (Full Name)

*Equitable*  *1633 B'Way*  *NY*  *10019*          *6 Kirschner Dr. West Nyack NY 10994*
Street No.    City    State    Zip Code            Street No.    City    State    Zip Code

_____  Witness                          _____
Street No.    City    State    Zip Code            Street No.    City    State    Zip Code

153-00921 A Cat. #125107E (Rev. 10/96)

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF _New York_ }
COUNTY OF _Rockland_ } ss.:

On the _8th_ day of _Nov._ 19 _2002_, before me personally came _Jannus Trian de fillow_, to me known to be the individual _____ described in and who executed the assignment on the reverse side hereof and acknowledged to me that _____ he _____ executed the same.

_Karyn M. Keller_

KARYN M. KELLER *Notary Public*
Notary Public
State of N.Y. - Orange County
# 4817182

My commission expires _____

Term Expires _1/31/03_

## CORPORATE ACKNOWLEDGMENT

STATE OF_____ }
COUNTY OF_____ } ss.:

On the _____ day of _____ 19 _____, before me personally came _____

_____, who being by me duly sworn, did depose and say that he resides in _____

that he is the _____ of _____ the corporation described in and which executed the assignment on the reverse side hereof; that he knows the seal of said corporation; that the seal affixed to said assignment is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

_____
*Notary Public*

My commission expires _____

NOTE: When executed by a corporation, the corporate seal should be affixed and there should be attached to the assignment a certified copy of the resolution of the Board of Directors authorizing the signing officer to execute and deliver the assignment in the name and on behalf of the corporation.

 EQUITABLE

## Client Quote: Contract # ▮▮6693

| Owner Name | Mr Ioannis Triantafillou | Inquiry Date | 10/10/2002 |
|---|---|---|---|
| Owner Address | Rt 303 Blauvelt | Insured | Mr Ioannis Triantafillou |
| | New York NY  10913 | | |

## General Information

| | |
|---|---|
| Policy Type | WHOLE LIFE 50-MUTUAL |
| Register Date | 11/17/1988 |
| Insured Designation | MALE, NON-SMOKER |
| Birthdate | 06/07/1955 |
| Bene Designation | REFER TO HO/RSC FOR BENE INFO |
| Bene Designation | SEE APP |

## Death Benefit Information

| | |
|---|---|
| Face Amount | $500,000 |
| Face Amount of Outstanding Additions | $38,934.00 |
| Face Amount of Paid Up Additions Rider | $3,677 |

## Features

PAID UP INSURANCE ADDITIONS
DISABILITY PREMIUM WAIVER

## Premium Information

| | |
|---|---|
| Premium Amount | $6,190.00 ANNUAL REGULAR |
| Premium Paid To | 11/17/2002 |

## Loan Values

| | |
|---|---|
| Values As Of | 10/10/2002 |
| Total Loan Balance | $0.00 |
| Loan Interest Rate | 7.4% |

## Dividend Information

| | |
|---|---|
| Values As Of | 10/10/2002 |
| Dividend Elections | ADDS, PREM PYMT ALT EFF 2000/11/17 |
| Last Dividend Amount | $4,167.68 |
| Last Dividend Date | 11/17/2001 |
| Last Dividend Application | APPLD TO PREM |
| Surrender Value of Dividend Additions | $9,149.58 |
| Available Dividend | $10,504.08 |

## Policy Values

| | |
|---|---|
| Values As Of | 11/17/2002 |
| Cash Surrender Value | $86,358.69 |
| Current Value of Insurance Additions | $13,986.74 |
| Termination Dividend | $850.00 |
| Net Cash Surrender Value | $101,195.43 |

The information contained within this document reflects policy values as of the dates indicated.
It is subject to updates or corrections. Please refer to your policy for specific details and policy provisions.

The Equitable Life Assurance Society of the United States, 1290 Avenue of the Americas, New York, NY 10104.
(212) 554-1234

October 10, 2002                     Page 1 of 1                     For : JOHN J LIMA
GE-97-249

# CIT SMALL BUSINESS LENDING CORPORATION

## LIFE INSURANCE INSTRUCTIONS

An **original** or **"duplicate original"** life insurance policy(ies) on the life/lives of the borrower(s) at least in the amount of the loan, as defined in the Conditional Commitment letter and SBA Authorization and Loan Agreement must be received by CIT Small Business Lending Corporation, prior to closing. The original policy is to be held in our file for the term of the loan. A "duplicate original" may be ordered from your insurance company for your personal records. Decreasing term insurance is acceptable. Borrower may use existing life insurance to meet this requirement. Lender is **not** to be made the **BENEFICIARY** of the life insurance.

You will have to contact your agent or insurance company and obtain an **Assignment of Life Insurance Policy as Collateral Form** for the policy(ies) which is approved by your insurance company. Please execute the form, have your signature notarized, if required, and return to your agent who will forward the document to the Home Office of your insurance company.

This form must be **filed/recorded** with the Home Office of your Insurance Company. The endorsement should list our **legal** address and read as follows:

    &CIT **SMALL BUSINESS LENDING CORPORATION AND/OR ITS SUCCESSORS AND ASSIGNS, ATTN: Portfolio Department, CIT File Ref. #_____, 1 CIT Drive, Livingston, NJ 07039.**

    CIT SBLC must be in receipt of the **filed** Collateral Assignment of the **policy one week prior to scheduling a closing.**

If you have any questions, please call me (Anina Butler) at 721-284-6135. Please fax the recorded Collateral Assignment of Life Insurance form(s) to Anina Butler at 781-284-1652. Please mail the original when received.

Also, mail the **original** life insurance policy(ies) to Anina Butler.