# **Exhibit U**

Zoto Assignment

# **Exhibit U**

Zoto Assignment

LAW OFFICES

## OBERMAYER REBMANN MAXWELL & HIPPEL LLP

ONE PENN CENTER - 19TH FLOOR
1617 JOHN F KENNEDY BOULEVARD
PHILADELPHIA, PA 19103-1895

(215) 665-3000
FAX (215) 665-3165

Concetta A. Fonte, paralegal
Direct Dial: 215-665-3045
Fax: 215-665-3165
Email: connie.fonte@obermayer.com

January 21, 2003

Mr. John Lima

RE:   Ionnis ("John") Triantafillou

Dear Mr. Lima:

The insurance policy is to be assigned to:

> Louis and Marie T. Zoto, husband and wife
> 1006 Ingram Court
> Ambler, PA 19002

Thank you for your prompt assistance in this matter.

Should you have any questions, please contact either Tassos at 215-665-3030 or me at 215-665-3045.

Very truly yours,

Connie Fonte

Concetta A. Fonte
Paralegal
for Obermayer, Rebmann Maxwell & Hippel, LLP

CAF/

# DOCUMENT WORKSHEET

Mail Specialist: Andrea Espinoza

Policy: ▇▇▇▇6693     Date: 1-29

## Check Items that apply:

_____ Policy Received and filed for ___ 30 days ___ 60 days ___ 90 days

_____ Research has identified policy number as _____

_____ Initial Premium for Post Issue     _____ Received for Post Issue

_____ Single sheet of a multiple page document received

_____ Number of pages received by fax _____

_____ Poor quality document – best copy available

_____ NO death certificate received

_____ Certified copy of death certificate received

_____ Photocopy of death certificate received

__X__ Notarized document received     _____ Certified document received

_____ Photocopy of ___ notarized document ___ certified document received

_____ Check / money order is a photocopy; not "live"

_____ No check was attached when received in Document Services

_____ Nothing attached as stated in correspondence

_____ Surrender selection #8 was not checked, only highlighted

_____ Policy number identified by processing area – not Document Services

_____ Other _____

Form No. 10—LIFE INSURANCE ASSIGNMENT

FORM APPROVED BY
BANK MANAGEMENT COMMISSION
AMERICAN BANKERS ASSOCIATION

## ASSIGNMENT OF LIFE INSURANCE POLICY AS COLLATERAL

A.     For Value Received the undersigned hereby assign, transfer and set over to __LOUIS AND MARIE T. ZOTO__ __HUSBAND AND WIFE__ of (address) __1006 INGRAM COURT AMBLER, PA. 19002__ its successors and assigns, (herein called the "Assignee") Policy No. __6693__ issued by the

☑ Equitable Life Assurance Society Of The United States
☐ Equitable Of Colorado

(herein called the "Insurer") and any supplementary contracts issued in connection therewith (said policy and contracts being herein called the "Policy"), upon the life of __IOANNIS TRIANTAFILLOU__ of __6 KIRSCHNER DRIVE WEST NYACK__ and all claims, options, privileges, rights, title and interest therein and thereunder (except as provided in Paragraph C hereof), subject to all the terms and conditions of the Policy and to all superior liens, if any, which the Insurer may have against the Policy. The undersigned by this instrument jointly and severally agree and the assignee by the acceptance of this assignment agrees to the conditions and provisions herein set forth.

B.   It is expressly agreed that, without detracting from the generality of the foregoing, the following specific rights are included in this assignment and pass by virtue hereof:
    1. The sole right to collect from the Insurer the net proceeds of the Policy when it becomes a claim by death or maturity;
    2. The sole right to surrender the Policy and receive the surrender value thereof at any time provided by the terms of the Policy and at such other times as the Insurer may allow;
    3. The sole right to obtain one or more loans or advances on the Policy, either from the Insurer or, at any time, from other persons, and to pledge or assign the Policy as security for such loans or advances;
    4. The sole right to collect and receive all distributions or shares of surplus, dividend deposits or additions to the Policy now or hereafter made or apportioned thereto, and to exercise any and all options contained in the Policy with respect thereto; provided, that unless and until the Assignee shall notify the Insurer in writing to the contrary, the distributions or shares of surplus, dividend deposits and additions shall continue on the plan in force at the time of this assignment; and
    5. The sole right to exercise all nonforfeiture rights permitted by the terms of the Policy or allowed by the Insurer and to receive all benefits and advantages derived therefrom.

C.   It is expressly agreed that the following specific rights, so long as the Policy has not been surrendered, are reserved and excluded from this assignment and do not pass by virtue hereof:
    1. The right to collect from the Insurer any disability benefit payable in cash that does not reduce the amount of insurance;
    2. The right to designate and change the beneficiary;
    3. The right to elect any optional mode of settlement permitted by the Policy or allowed by the Insurer; but the reservation of these rights shall in no way impair the right of the Assignee to surrender the Policy completely with all its incidents or impair any other right of the Assignee hereunder, and any designation or change of beneficiary or election of a mode of settlement shall be made subject to this assignment and to the rights of the Assignee hereunder.

D.   This assignment is made and the Policy is to be held as collateral security for any and all liabilities of the undersigned, or any of them, to the Assignee, either now existing or that may hereafter arise in the ordinary course of business between any of the undersigned and the Assignee (all of which liabilities secured or to become secured are herein called "Liabilities").

E.   The Assignee covenants and agrees with the undersigned as follows:
    1. That any balance of sums received hereunder from the Insurer remaining after payment of the then existing Liabilities, matured or unmatured, shall be paid by the Assignee to the persons entitled thereto under the terms of the Policy had this assignment not been executed;
    2. That the Assignee will not exercise either the right to surrender the Policy or (except for the purpose of paying premiums) the right to obtain policy loans from the Insurer, until there has been default in any of the Liabilities or a failure to pay any premium when due, nor until twenty days after the Assignee shall have mailed, by first-class mail, to the undersigned at the addresses last supplied in writing to the Assignee specifically referring to this assignment, notice of intention to exercise such right; and
    3. That the Assignee will upon request forward without unreasonable delay to the Insurer the Policy for endorsement of any designation or change of beneficiary or any election of an optional mode of settlement.

F.   The Insurer is hereby authorized to recognize the Assignee's claims to rights hereunder without investigating the reason for any action taken by the Assignee, or the validity or the amount of the Liabilities or the existence of any default therein, or the giving of any notice under Paragraph E (2) above or otherwise, or the application to be made by the Assignee of any amounts to be paid to the Assignee. The sole signature of the Assignee shall be sufficient for the exercise of any rights under the Policy assigned hereby and the sole receipt of the Assignee for any sums received shall be a full discharge and release therefor to the Insurer. Checks for all or any part of the sums payable under the Policy and assigned herein, shall be drawn to the exclusive order of the Assignee if, when, and in such amounts as may be, requested by the Assignee.

G.   The Assignee shall be under no obligation to pay any premium, or the principal of or interest on any loans or advances on the Policy whether or not obtained by the Assignee, or any other charges on the Policy, but any such amounts so paid by the Assignee from its own funds, shall become a part of the Liabilities hereby secured, shall be due immediately, and shall draw interest at a rate fixed by the Assignee from time to time not exceeding 6% per annum.

H.   The exercise of any right, option, privilege or power given herein to the Assignee shall be at the option of the Assignee, but (except as restricted by Paragraph E (2) above) the Assignee may exercise any such right, option, privilege or power without notice to, or assent by, or affecting the liability of, or releasing any interest hereby assigned by the undersigned, or any of them.

I.   The Assignee may take or release other security, may release any party primarily or secondarily liable for any of the Liabilities, may grant extensions, renewals or indulgences with respect to the Liabilities, or may apply to the Liabilities in such order as the Assignee shall determine, the proceeds of the Policy hereby assigned or any amount received on account of the Policy by the exercise of any right permitted under this assignment, without resorting or regard to other security.

J.   In the event of any conflict between the provisions of this assignment and provisions of the note or other evidence of any Liability, with respect to the Policy or rights of collateral security therein, the provisions of this assignment shall prevail.

K.   Each of the undersigned declares that no proceedings in bankruptcy are pending against him and that his property is not subject to any assignment for the benefit of creditors.

Signed and sealed this __22__ day of __Jan__, 19__2003__

_____ _____    __Ioannis Triantafillou__ _____ (L. S.)
            Witness                                                                   Owner (Full Name)

__Equitable__ __1633__ __B'way__ __NYC__
Street No.     City     State     Zip Code     Street No.     City     State     Zip Code

_____
        Witness

Street No.     City     State     Zip Code     Street No.     City     State     Zip Code

153-00921 A Cat. #125107E (Rev. 10/96)

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF New York  
COUNTY OF Rockland } ss.:

On the _____ 22 _____ day of _____ Jan _____, 19 2003, before me personally came _____ Ioannis Triantafillou _____, to me known to be the individual _____ described in and who executed the assignment on the reverse side hereof and acknowledged to me that _____ he _____ executed the same.

RONDA J. IANDOLO  
No. 44-4719639  
Notary Public, State of New York  
Qualified in Rockland County  
My Commission Expires 4/30/20 06

_____ Ronda Iandolo _____  
*Notary Public*

My commission expires _____

## CORPORATE ACKNOWLEDGMENT

STATE OF _____  
COUNTY OF _____ } ss.:

On the _____ day of _____ 19 _____, before me personally came _____

_____, who being by me duly sworn, did depose and say that he resides in _____

that he is the _____ of _____ the corporation described in and which executed the assignment on the reverse side hereof; that he knows the seal of said corporation; that the seal affixed to said assignment is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

_____  
*Notary Public*

My commission expires _____

NOTE: When executed by a corporation, the corporate seal should be affixed and there should be attached to the assignment a certified copy of the resolution of the Board of Directors authorizing the signing officer to execute and deliver the assignment in the name and on behalf of the corporation.

01/06/03 MON 10:25 FAX 17045512339         EQUITABLE                                                           ☒004

# EQUITABLE

Mr Ioannis Triantafillou
6 Kirschner Dr
West Nyack NY 10994

THE EQUITABLE
LIFE ASSURANCE SOCIETY
OF THE UNITED STATES

*In this Statement, "we" and "our" mean The Equitable Life Assurance Society of the United States*

# STATEMENT OF INSURANCE COVERAGE

| | | | |
|---|---|---|---|
| The Insured | Mr Ioannis Triantafillou | November 17, 1988 | Register Date |
| Face Amount | $500,000.00 | ▇6 693 | Policy Number |
| Plan of Insurance | Whole Life 50 | 33 Male | Issue Age & Sex |
| Owner | Mr Ioannis Triantafillou | $6,190.00 ANNUAL | Premium |
| Beneficiary | As Designated In Application | January 6, 2003 | Date of this Statement |
| Additional Benefits or Features | None | | |

We acknowledge that we issued the policy identified above and that, as of the date of this Statement it was in effect.

This Statement is not the policy and it does not change the policy in any way. The insurance described in this Statement is subject to all of the terms, conditions and exclusions of the policy.

The information above is that shown on our records as of the date of this Statement. The Beneficiary as shown is for benefits payable because of the Insured's death. The Beneficiary and the policy Owner as shown are not necessarily complete statements of those interests. The rights of the Owner and those of any other person referred to in this policy are subject to any assignment that we have received. We will give complete information about the Beneficiary and Owner interests and any other information about the policy upon request.

Christopher M. Condron.......... President and Chief Executive Officer

Pauline Sherman...................... Vice President and Secretary

R91-103