UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUITABLE FINANCIAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>against<br><br>ALYSHA TRIANTAFILLOU, ALYSHA TRIANTAFILLOU AS ADMINISTRATRIX OF THE ESTATE OF IOANNIS TRIANTAFILLOU, TAMMY THANOS, CHRISTINA STEFANOPOULOS, ROSEMARIE ZOTO, LOUIS ZOTO,<br><br>Interpleader Defendants. | Index No.: 7:23-cv-07905-PMH<br><br>**ANSWER TO AMENDED COMPLAINT AND CROSS CLAIMS** |

DEFENDANT TAMMY THANOS ("Defendant") respectfully Answers Interpleader Plaintiff's' Complaint (the "Interpleader Complaint") as follows:

**PARTIES**

1. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 1 of the Interpleader Complaint.

2. Defendant admits the allegations set forth in Paragraph 2 of the Interpleader Complaint.

3. Defendant admits the allegations set forth in Paragraph 3 of the Interpleader Complaint.

4. Defendant admits the allegations set forth in Paragraph 4 of the Interpleader Complaint.

5. Defendant admits the allegations set forth in Paragraph 5 of the Interpleader Complaint.

6. Defendant admits the allegations set forth in Paragraph 6 of the Interpleader Complaint.

7. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 7 of the Interpleader Complaint.

8. Defendant denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 8 of the Interpleader Complaint.

**JURISDICTION AND VENUE**

9. Defendant neither admits nor denies the allegations set forth in Paragraph 9 of the Interpleader Complaint, inasmuch as they contain a legal conclusion.

10. Defendant neither admits nor denies the allegations set forth in Paragraph 10 of the Interpleader Complaint, inasmuch as they contain a legal conclusion.

11. Defendant admits the allegations set forth in Paragraph 11 of the Interpleader Complaint.

12. Defendant admits the allegations set forth in Paragraph 12 of the Interpleader Complaint.

**FACTS SUPPORTING INTERPLEADER**

13. Defendant admits the allegations set forth in Paragraph 13 of the Interpleader Complaint.

14. Defendant admits the allegations set forth in Paragraph 14 of the Interpleader Complaint.

15. Defendant admits the allegations set forth in Paragraph 15 of the Interpleader Complaint.

16. Defendant admits the allegations set forth in Paragraph 16 of the Interpleader Complaint.

17. Defendant admits the allegations set forth in Paragraph 17 of the Interpleader Complaint.

18. Defendant admits the allegations set forth in Paragraph 18 of the Interpleader Complaint.

19. Defendant admits the allegations set forth in Paragraph 19 of the Interpleader Complaint.

20. Defendant admits the allegations set forth in Paragraph 20 of the Interpleader Complaint.

21. Defendant admits the allegations set forth in Paragraph 21 of the Interpleader Complaint.

22. Defendant admits the allegations set forth in Paragraph 22 of the Interpleader Complaint.

23. Defendant admits the allegations set forth in Paragraph 23 of the Interpleader Complaint.

24. Defendant admits the allegations set forth in Paragraph 24 of the Interpleader Complaint.

25. Defendant admits the allegations set forth in Paragraph 25 of the Interpleader Complaint.

26. Defendant admits the allegations set forth in Paragraph 26 of the Interpleader Complaint.

27. Defendant admits the allegations set forth in Paragraph 27 of the Interpleader Complaint.

28. Defendant admits the allegations set forth in Paragraph 28 of the Interpleader Complaint.

29. Defendant admits the allegations set forth in Paragraph 29 of the Interpleader Complaint.

30. Defendant neither admits nor denies the allegations set forth in Paragraph 30 of the Interpleader Complaint

31. Defendant neither admits nor denies the allegations set forth in Paragraph 31 of the Interpleader Complaint.

32. Defendant neither admits nor denies the allegations set forth in Paragraph 32 of the Interpleader Complaint.

33. Defendant neither admits nor denies the allegations set forth in Paragraph 33 of the Interpleader Complaint.

34. Defendant admits the allegations set forth in Paragraph 34 of the Interpleader Complaint.

35. Defendant neither admits nor denies the allegations set forth in Paragraph 35 of the Interpleader Complaint.

36. Defendant admits the allegations set forth in Paragraph 36 of the Interpleader Complaint.

**FACTS SUPPORTING INTERPLEADER: ASSIGNMENTS**

37. Defendant neither admits nor denies the allegations set forth in Paragraph 37 of the Interpleader Complaint.

38. Defendant neither admits nor denies the allegations set forth in Paragraph 38 of the Interpleader Complaint.

39. Defendant neither admits nor denies the allegations set forth in Paragraph 39 of the Interpleader Complaint.

40. Defendant neither admits nor denies the allegations set forth in Paragraph 40 of the Interpleader Complaint.

41. Defendant neither admits nor denies the allegations set forth in Paragraph 41 of the Interpleader Complaint.

42. Defendant neither admits nor denies the allegations set forth in Paragraph 42 of the Interpleader Complaint.

43. Defendant neither admits nor denies the allegations set forth in Paragraph 43 of the Interpleader Complaint.

44. Defendant neither admits nor denies the allegations set forth in Paragraph 44 of the Interpleader Complaint.

45. Defendant neither admits nor denies the allegations set forth in Paragraph 45 of the Interpleader Complaint.

46. Defendant neither admits nor denies the allegations set forth in Paragraph 46 of the Interpleader Complaint.

47. Defendant neither admits nor denies the allegations set forth in Paragraph 47 of the Interpleader Complaint.

48. Defendant neither admits nor denies the allegations set forth in Paragraph 48 of the Interpleader Complaint.

49.

**INTERPLEADER TO DEPOSIT INSURANCE POLICY DEATH BENEFITS INTO THE REGISTRY OF THE COURT**

50. Defendant incorporates by reference each preceding paragraph as if fully set forth herein.

51. Defendant neither admits nor denies the allegations set forth in Paragraph 51 of the Interpleader Complaint.

52. Defendant neither admits nor denies the allegations set forth in Paragraph 52 of the Interpleader Complaint.

53. Defendant neither admits nor denies the allegations set forth in Paragraph 53 of the Interpleader Complaint.

54. Defendant neither admits nor denies the allegations set forth in Paragraph 54 of the Interpleader Complaint.

55. Defendant neither admits nor denies the allegations set forth in Paragraph 55 of the Interpleader Complaint.

**CROSS-CLAIMS**

56. Defendant and counterclaim and cross-claim Plaintiff Tammy Thanos ("Thanos") is an individual residing in Westchester County.

57. Defendant and cross-claim defendant Alysha Triantafillou ("Alysha") is, upon information and belief, a citizen and resident of the state of Pennsylvania.

58. This Court has supplemental jurisdiction over the counterclaim and cross-claims pursuant to 28 U.S.C. § 1367.

59. Equitable issued a life insurance policy to Ioannis Triantafillou ("Ioannis") on or about November 17, 1998, under policy number xxx6693 (the "Policy") in the amount of $500,000.

60. The Policy state that "[t]he [b]eneficiary is as stated in the application, unless later changed." In addition, the Policy states that "[i]f there is no designated [b]eneficiary living at the death of the Insured, [Equitable] will pay the benefits to the surviving children of the Insured in equal shares. If none survive, we will pay the Insured's estate."

61. The beneficiaries listed at the time of the initial issuance of the Policy were Stavriani Triantafillou, listed as Ioannis's mother, and Christoforos Triantafillou, listed as Ioannis's brother.

62. Equitable received a Life Insurance Beneficiary Change form dated May 22, 2020 (the "Beneficiary Change Form"), requesting that the primary beneficiary be changed to Nikolaos J. Rentoulis ("Nikolaos"), and that the contingent beneficiary be changed to Dina Rentoulis ("Dina," and collectively, the "Cousin Beneficiaries"). The Beneficiary Change Form stated that Nikolaos was Ioannis's cousin and Dina was Nikolaos's wife.

63. The Beneficiary Change Form contained "Special Instructions," providing that if the Cousin Beneficiaries predeceased Ioannis, 100% of the insurance proceeds owed under the Policy were to be left to the Cousin Beneficiaries' "issue, per stirpes," and noting that "their children are Tammy Thanos and Christina Rentoulis."

64. By letter dated June 9, 2020, Equitable sent a letter to Ioannis "C/o Nikolaos Rentoulis, 94 Baldwin Lane, Mahopac NY 10541," confirming the changes to the beneficiary designation to Nikolaos as the primary beneficiary, Dina as the secondary beneficiary, and Tammy and Christina as tertiary beneficiaries.

65. Nikolaos died on or about April 22, 2021, and Dina died on or about June 5, 2021, both predeceasing Ioannis.

66. On or about November 29, 2022, Ioannis passed away in Tripoli, Arcadia, Greece.

67. On or about December 13, 2022, Tammy reported Ioannis's death to Equitable, and in response, by email on that same day, Equitable sent Tammy instructions on submitting a claim for the Death Benefits, including the documents required to support her claim for benefits. Tammy subsequently submitted the documents to support her claim for benefits.

68. On or about March 16, 2023 Tammy wrote Equitable identifying herself as the tertiary beneficiary of the Policy as her parents—the Cousin Beneficiaries—were deceased. Tammy enclosed a death registration for the Insured and death certificates for the Cousin Beneficiaries.

69. Prior to that, in or about January 2023, upon information and belief, Alysha submitted a claim form making a claim under the Policy as Ioannis's sole surviving child.

70. Upon information and belief, Alysha has written to Equitable by counsel asserting that the changes to the beneficiary designations form was forged and was fraudulent.

71. Upon information and belief, Equitable had made a request to Alysha for documents that would evidence that the change to the beneficiary designations was fraudulent and/or forged, and Alysha has failed to provide any such documentation.

72. Equitable has failed to pay Tammy any portion of the proceeds due to her under the Policy.

## FIRST CAUSE OF ACTION

(Tortious Interference with Contract Against Alysha)

73. Tammy repeats and realleges the allegations set forth in paragraphs 1 to 72.

74. Tammy is a beneficiary of the Policy with Equitable and is entitled to receive the proceeds of the Policy.

75. Alysha is aware of the Policy and Tammy's designation as a beneficiary thereunder.

76. Alysha intentionally procured Equitable's breach of its duties to pay proceeds to Tammy under the Policy, by writing on several occasions to Equitable demanding that Equitable not pay the Policy proceeds to Tammy.

77. Tammy had incurred damages as the result of Equitable's breach, which was procured by Alysha.

## SECOND CAUSE OF ACTION

(Declaratory Judgment)

78. Tammy repeats and realleges the allegations set forth in paragraphs 1 to 77.

79. Tammy hereby seeks a declaration from this Court that she is the rightful beneficiary of life insurance proceeds of the Insured, and that this Court direct that fifty percent of the death benefit of the life insurance policy, plus accrued interest, be awarded to her.

**WHEREFORE**, Tammy demands judgment in her favor:

A. Dismissing Equitable's claims to the extent that they are inconsistent with the relief sought by Tammy herein;

B.      Granting judgment to Tammy on the cross-claim against Alysha for tortious interference with contract, in an amount to be determined at trial;

C.      Declaring that Tammy is a rightful beneficiary under the insurance policy and directing payment of fifty percent of the death benefit of the insurance policy, plus accrued interest, to tammy

D.      Granting Tammy such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 29, 2024

**MORRISON-TENENBAUM PLLC**

By:   /s/ Joshua S. Androphy
Joshua S. Androphy, Esq.
*Attorney for Defendant Tammy Thanos*
87 Walker Street, Floor 2
New York, New York 10013
Tel: 212.620.0938
Email: jandrophy@m-t-law.com