UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 ------------------------------------------------------------------------ X
EQUITABLE FINANCIAL LIFE
INSURANCE COMPANY,

                             Interpleader Plaintiff,

             - against -

ALYSHA TRIANTAFILLOU, ALYSHA
TRIANTAFILLOU AS ADMINISTRATRIX
OF THE ESTATE OF IOANNIS
TRIANTAFILLOU, TAMMY THANOS,
CHRISTINA STEFANOPOULOS, ROSEMARIE
ZOTO, LOUIS ZOTO,

                          Interpleader Defendants.
 ------------------------------------------------------------------------ X

**ANSWER TO AMENDED COMPLAINT OF INTERPLEADER DEFENDANT CHRISTINA STEFANOPOULOS WITH CROSS-CLAIM**

Index No. 7:23-cv-07905-PMH

The answering Interpleader Defendant, CHRISTINA STEFANOPOULOS (hereinafter the "Answering Defendant"), by and through her attorneys, Reisman Rubeo, LLP, as and for her Answer with Cross-Claim to the Amended Complaint of the Interpleader Plaintiff, sets forth as follows:

1.       The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 1 of the Amended Complaint.

2.       The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Amended Complaint.

3.       The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Amended Complaint.

4.      The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Amended Complaint.

5.      The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 5 of the Amended Complaint.

6.      The Answering Defendant admits the allegations set forth in paragraph 6 of the Amended Complaint.

7.      The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Amended Complaint.

8.      The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Amended Complaint.

9.      The Answering Defendant denies the allegations set forth in paragraph 9 of the Amended Complaint and refers all questions of law to the Court.

10.      The Answering Defendant denies the allegations set forth in paragraph 10 of the Amended Complaint and refers all questions of law to the Court.

11.      The Answering Defendant denies the allegations set forth in paragraph 11 of the Amended Complaint and refers all questions of law to the Court.

12.      The Answering Defendant denies the allegations set forth in paragraph 12 of the Amended Complaint and refers all questions of law to the Court.

13.      The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 13 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit A, refers to the document for the terms, provisions and conditions thereof.

14.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 14 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit B, refers to the document for the terms, provisions and conditions thereof.

15.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 15 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit A, refers to the document for the terms, provisions and conditions thereof.

16.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 16 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit C, refers to the document for the terms, provisions and conditions thereof.

17.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 17 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit D, refers to the document for the terms, provisions and conditions thereof.

18.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 18 of the Amended Complaint, except admits that Nikolaos J. Rentoulis ("Nikolaos") was the cousin of Ioannis Triantafillou (the "Insured"), and that Dina Rentoulis ("Dina") was Nikolaos's wife, and with respect to the document attached to the Amended Complaint as Exhibit E, refers to the document for the terms, provisions and conditions thereof.

19.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 19 of the Amended Complaint, except admits that she is the daughter of Nikolaos and Dina, and with respect to the document attached to the Amended Complaint as Exhibit E, refers to the document for the terms, provisions and conditions thereof.

20.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 20 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit E, refers to the document for the terms, provisions and conditions thereof.

21.     The Answering Defendant admits the allegations set forth in paragraph 21 of the Amended Complaint that Nikolaos and Dina are deceased and their dates of death are as listed in the Amended Complaint, denies knowledge and information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 21 of the Complaint, and with respect to the document attached to the Amended Complaint as Exhibit F, refers to the document for the terms, provisions and conditions thereof.

22.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 22 of the Amended Complaint, and with respect to the documents attached to the Amended Complaint as Exhibits F and G, refers to the documents for the terms, provisions and conditions thereof.

23.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 23 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit H, refers to the document for the terms, provisions and conditions thereof.

24.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 24 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit F, refers to the document for the terms, provisions and conditions thereof.

25.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 25 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit F, refers to the document for the terms, provisions and conditions thereof.

26.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 26 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit I, refers to the document for the terms, provisions and conditions thereof.

27.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 27 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit J, refers to the document for the terms, provisions and conditions thereof.

28.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 28 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit K, refers to the document for the terms, provisions and conditions thereof.

29.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 29 of the Amended Complaint, and with respect

to the document attached to the Amended Complaint as Exhibit L, refers to the document for the terms, provisions and conditions thereof.

30.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 30 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit M, refers to the document for the terms, provisions and conditions thereof.

31.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 31 of the Amended Complaint, and with respect to the documents attached to the Amended Complaint as Exhibits N and O, refers to the documents for the terms, provisions and conditions thereof.

32.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 32 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit P, refers to the document for the terms, provisions and conditions thereof.

33.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 33 of the Amended Complaint.

34.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 34 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit Q, refers to the document for the terms, provisions and conditions thereof.

35.     The Answering Defendant admits the allegations set forth in paragraph 35 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit R, refers to the document for the terms, provisions and conditions thereof.

36.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 36 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit S, refers to the document for the terms, provisions and conditions thereof.

37.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 37 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit T, refers to the document for the terms, provisions and conditions thereof.

38.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 38 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit U, refers to the document for the terms, provisions and conditions thereof.

39.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 39 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit V, refers to the document for the terms, provisions and conditions thereof.

40.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 40 of the Amended Complaint, and with respect to the documents attached to the Amended Complaint as Exhibits T and U, refers to the documents for the terms, provisions and conditions thereof.

41.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 41 of the Amended Complaint.

42.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 42 of the Amended Complaint.

43.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 43 of the Amended Complaint.

44.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 44 of the Amended Complaint, and with respect to the document attached to the Amended Complaint as Exhibit W, refers to the document for the terms, provisions and conditions thereof.

45.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 45 of the Amended Complaint.

46.     The Answering Defendant admits that she still maintains her claim to the Death Benefits and otherwise denies knowledge and information sufficient to form a belief as to the remaining allegations set forth in paragraph 46 of the Amended Complaint.

47.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 47 of the Amended Complaint.

48.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 48 of the Amended Complaint.

49.     In response to paragraph 49 of the Amended Complaint, the Answering Defendant repeats and realleges as if fully set forth herein paragraphs 1 through 48 of this Answer.

50.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 50 of the Amended Complaint.

51.     The Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 51 of the Amended Complaint, and refers all questions of law to the Court.

52.     The Answering Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 52 of the Amended Complaint.

53.     The Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 53 of the Amended Complaint, and refers all questions of law to the Court.

54.     The Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 54 of the Amended Complaint, and refers all questions of law to the Court.

55.     The Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 55 of the Amended Complaint, and refers all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

56.     The Answering Defendant repeats and realleges her response set forth in paragraphs 1 through 55 as if fully set forth herein.

57.     The Answering Defendant is a rightful beneficiary of the life insurance policy at issue in this litigation.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

58.     The Answering Defendant repeats and realleges her response set forth in paragraphs 1 through 57 as if fully set forth herein.

59.     The Answering Defendant has acted in good faith at all times relevant to this action.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

60.     The Answering Defendant repeats and realleges her response set forth in paragraphs 1 through 59 as if fully set forth herein.

61.     Upon information and belief, TRIANTAFILLOU has acted in bad faith in claiming that the she, and/or the Estate of IOANNIS TRIANTAFILLOU, is the rightful beneficiary of the decedent's life insurance policy, where documents executed by the Decedent indicate that the Answering Defendant, and Co-Interpleader Defendant TAMMY THANOS, are the rightful beneficiaries of said policy, as heirs to the Estate of DINA RENTOULIS, Deceased.

62.     Upon information and belief, for this reason TRIANTAFILLOU has unclean hands and is not entitled to the proceeds of the decedent's life insurance policy.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

63.     The Answering Defendant repeats and realleges her response set forth in paragraphs 1 through 62 as if fully set forth herein.

64.     Upon information and belief, any claim to the proceeds of the decedent's life insurance policy by Co-Interpleader Defendants ROSEMARIE ZOTO and LOUIS ZOTO is barred by the applicable statute of limitations on the underlying debt for which they claim the decedent assigned his life insurance benefits as security.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

65.     The Answering Defendant repeats and realleges her response set forth in paragraphs 1 through 64 as if fully set forth herein.

66.     Upon information and belief, any claim to the proceeds of the decedent's life insurance policy by Co-Interpleader Defendants ROSEMARIE ZOTO and LOUIS ZOTO is barred because the decedent paid them the underlying debt for which they claim the decedent assigned

his life insurance benefits as security, and/or because the underlying debt was otherwise discharged.

**AS AND FOR A CROSS-CLAIM AGAINST INTERPLEADER DEFENDANTS, ALYSHA TRIANTAFILLOU, ALYSHA TRIANTAFILLOU AS ADMINISTRATRIX OF THE ESTATE OF IOANNIS TRIANTAFILLOU,  ROSEMARIE ZOTO AND LOUIS ZOTO, THE ANSWERING DEFENDANT ALLEGES**:

67.     The Answering Defendant repeats and realleges and realleges as if fully set forth herein paragraphs 1 through 66 of this Answer.

68.     The Answering Defendant hereby seeks a declaration from this Court that she is a rightful beneficiary of the life insurance proceeds of the Insured and that this Court direct that fifty (50%) percent of the proceeds of the death benefit of the Insured's policy, plus accrued interest, be paid to her.

**WHEREFORE**, the Answering Defendant demands judgment declaring that she is a rightful beneficiary of the life insurance proceeds of the Insured and that fifty (50%) percent of the proceeds of the death benefit of the Insured's policy, plus accrued interest, be paid to her.


Dated: Hawthorne, New York
        March 29, 2024


                                        Yours, etc.,

                                        REISMAN RUBEO, LLP

                                            /s/
                                        _____
                                        MARK A. RUBEO, JR., ESQ.
                                        *Attorneys for Interpleader Defendant*
                                        Christina Stefanopoulos
                                        151 Broadway
                                        Hawthorne, New York 10532
                                        (914) 495-3050
                                        mrubeo@rrllplaw.com