# MORRISON TENENBAUM

MORRISON-TENENBAUM PLLC, ATTORNEYS-AT-LAW M-T-LAW.COM
87 WALKER STREET 2ND FLOOR NEW YORK NY 10013
PHONE 212.620.0938 FAX 646.998.1972

May 8, 2025

**Via ECF**
The Hon. Phillip Halpern
United States District Court, Southern District of New York
Hon. Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, New York 10601

Re: *Equitable Financial Life Insurance Company  v. Triantafillou et al.*
 Index No. 7:23-7905 (PMH)

Dear Judge Halpern:

We represent the Interpleader Defendant Tammy Thanos in the above-referenced matter and write in response to the pre-motion letter filed by Interpleader Defendant Alysha Triantafillou, and Alysha Triantafillou as Administratrix of The Estate of Ioannis Triantafillou ("Ms. Triantafillou") for a pre-motion conference to file an amended pleading (Dkt. No. 80).

Ms. Triantafillou's anticipated motion should be denied for at least four reasons.

*First,* the Court would not have jurisdiction to adjudicate the proposed additional crossclaims.  "[A] district court's jurisdiction to adjudicate personal crossclaims filed by one interpleaded party against another is limited in scope" to claims concerning the fund at issue.  *In re Estate of Bassios*, 2018 U.S. Dist. LEXIS 68913, *5 (S.D.N.Y. April 24, 2018) (quoting *Hartford Cas. Ins. Co. v. Lexington Ins. Co.*, 2016 U.S. Dist. LEXIS 42559 (S.D.N.Y. Mar. 30, 2016).  "[C]rossclaims are permissible 'to attack [other interpleader defendants'] claims against the common fund, but *for no other purpose*."  *Id.*  It is evident from Ms. Triantafillou's pre-motion letter that the proposed additional cross-claims have nothing to do with any claim against the fund that is the subject of the interpleader action.

*Second*, relatedly, the proposed cross-claims are not related to the sole question to be decided in this interpleader action: who is entitled to receive the funds from the life insurance policy of Ioannis Triantafillou?  Interpleader actions are designed to protect a stakeholder from multiple liabilities by resolving competing claims to a single fund or property (the "res") in one proceeding. The Second Circuit has emphasized that interpleader is an equitable remedy aimed at efficiently determining the rightful claimant to the stake while shielding the stakeholder from inconsistent judgments. See *Truck-A-Tune, Inc. v. Re*, 23 F.3d 60, 63 (2d Cir. 1994) (describing interpleader as an equitable proceeding to resolve ownership disputes over a single asset).

Joining unrelated claims not directly tied to the ownership of the funds introduces complexity that undermines this narrow purpose. Allowing joinder of unrelated claims risks transforming the interpleader into a broader litigation, which is contrary to its streamlined objective.  "[I]nterests of party convenience and judicial economy that would be served by trial of all claims in a single proceeding 'cannot compel the otherwise inappropriate joinder of claims in interpleader.'" *Washington Electric Coop., Inc. v. Paterson, Walke & Pratt, P.C.,*  985 F.2d 677, 680 (2d Cir. 1993) (quoting *Libby, McNeill & Libby v. City Nat'l Bank,* 592 F.2d 504, 509 (9th Cir. 1978).  Joinder of parties who are not making claims to the insurance funds would be improper. *JP Morgan Chase Bank, N.A. v. 29-33 Ninth Ave., LLC*, 710 F. Supp. 3d 259, 275-276 (S.D.N.Y. 2024) (denying motion to join non-parties who had not made any claim to funds in interpleader action).   "Federal interpleader 'was not intended to serve the function of a "bill of peace," and 'cannot be used to solve all the vexing problems of multiparty litigation." *Estate of Bassios*, 2018 U.S. Dist. LEXIS 68913, at *5 (quoting *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523 535, 537 (1967)).

The cases that Ms. Triantafillou cites in support of joinder, *Blesedell v. Mobil Oil Co*., 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989) and *Bruno v. Zimmer, Inc*., No. CV156129LDWAKT, 2017

WL 8793242, at *13 (E.D.N.Y. Aug. 11, 2017), did not involve joinder in an interpleader action. Ms. Triantafillou has not cited any case that permitted joinder of a non-party with no claim to the funds at issue in an interpleader action.  Nor has she cited any decision that allows inclusion of a crossclaim, even by an existing party, which does not involve a claim to the interpleader fund.

*Third*, the proposed amendment and addition of parties is untimely and would have the effect of significantly delaying the resolution of this action.  The parties have completed fact discovery.  Adding three more parties, defending claims for which discovery has not begun, would necessarily add much time to the resolution of this action.  One proposed additional party is a fiduciary for the Estate of Nikolaos Rentoulis, who has not yet been appointed, and would require action by the Putnam County Surrogate's Court before that party can even be named.

The deadline for amendment of pleadings and addition of parties was January 31, 2025. (Dkt. No. 77 ¶3) Ms. Triantafillou has not shown good cause for amendment of the case management plan and scheduling order to permit amendment of the pleadings and addition of parties more than three months after the deadline.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

*Fourth,* the proposed crossclaims are likely barred by the statute of limitations.  We have not seen the proposed crossclaims, but it appears that they are based on allegations of conversion by Nikoalos Rentoulis and Dina Rentoulis.  They died in April and June of 2021.  The statute of limitations for conversion is three years.  CPLR 214(3); *Maya NY, LLC v Hagler*, 106 A.D.3d 583, 585 (1st Dep't 2013); *Grosz v. Museum of Modern Art*, 772 F. Supp. 2d 473, 491 (S.D.N.Y. 2010). It is hard to fathom what timely claims Ms. Triantafillou may allege.  The proposed amendment would likely be futile.

We thank the Court for its attention to this matter.

Respectfully Submitted,

*/s/ Joshua S, Androphy*
Joshua S. Androphy, Esq.