# Reisman Rubeo, LLP
-Attorneys & Counselors at Law-

| | | |
|---|---|---|
| Mark I. Reisman<br>Mark A. Rubeo, Jr.*<br>—<br>*admitted in NY, CT & DC | 151 Broadway<br>Hawthorne, New York 10532<br><br>(914) 495-3050<br>(914) 495-3051 facsimile | Of Counsel:<br>Sharman T. Propp |

May 8, 2025

**VIA ECF**
The Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 100601

      Re: Equitable Financial Life Ins. Co. v. Triantafillou, et al.,
         Case No. 7:23-cv-07905-PMH

Dear Judge Halpern:

  This firm represents Defendant Christina Stefanopoulos ("Ms. Stefanopoulos") in the above-referenced matter. I write to the Court in response to the letter motion of Defendant Alysha Triantafillou ("Ms. Triantafillou"), both in her individual capacity and as Administratrix of the Estate of Ioannis Triantafillou, seeking a pre-motion conference in advance of a motion to add a cross-claim and to join additional defendants (ECF No. 80). As explained below, Ms. Triantafillou's proposed amendment would be improper, because: (a) the motion is untimely; (b) the proposed additional claims and additional parties bear no relationship to the claims in this impleader action; (c) the proposed amendment would delay the present action, in which discovery is complete or nearly complete; (d) the proposed amendments appear to be time-barred; and (e) the proposed claims appear to be a mere effort to circumvent the $75,000 threshold for diversity claims.

  This is an interpleader action to determine the proper beneficiaries of a $500,000 life insurance policy on the life of Ioannis Triantafillou ("Decedent"). As alleged in the Amended Complaint, on or about May 22, 2020, Equitable received a Life Insurance Beneficiary Change form requesting that Nikolaos J. Rentoulis ("Nikolaos"), the Decedent's cousin, be named as the primary beneficiary of

the policy, and that Dina Rentoulis ("Dina"), Nikolaos's wife, be named contingent beneficiary. Further, the Beneficiary Change Form provided that if Nikolaos and Dina predeceased the Decedent, the insurance proceeds were to go to their daughters, Defendant Tammy Thanos ("Ms. Thanos") and Ms. Stefanopoulos, per stirpes (ECF No. 51, ¶¶18-19).

Nikolaos died of COVID on or about April 22, 2021, and Dina died, also of COVID, on or about June 5, 2021. (*Id.*, ¶21). Ms. Thanos and Ms. Stefanopoulos survive them.

The Decedent died on or about November 29, 2022. (*Id.*, ¶20). Ms. Triantafillou claims that Decedent lacked capacity to make a beneficiary change, and asserts that she is entitled to the insurance proceeds (See Triantafillou Answer/Cross-Claim, ECF No. 27). Ms. Stefanopoulos and Ms. Thanos also assert Cross-Claims against Ms. Triantafillou and the Decedent's Estate, claiming that, as the surviving children of Dina, they are the proper beneficiaries of the Life Insurance Policy (ECF Nos. 58 and 59).

The parties have engaged in significant discovery, including exchange of thousands of pages of documents and the depositions of Ms. Triantafillou, Ms. Thanos and Ms. Stefanopoulos. Upon information and belief, discovery is either complete or nearly complete.

### (a) The Motion is Untimely

The Court's most recent Scheduling Order provides that "[a]ny motion to amend or to join additional parties shall be filed by January 31st, 2025." (Emphasis in original). Where a party seeks to join parties after the Court's deadline, it subject to the Rule 16(b)'s heightened standard that good cause be shown. *City of Almaty v. Ablyazov*, 278 F.Supp.3d 776, 789 (S.D.N.Y. 2017). Here, Ms. Triantafillou has failed to show good cause for her request to join additional parties.

### (b) The Proposed Claims are Unrelated to the Present Interpleader Action

Ms. Triantafillou seeks joinder under Fed. R. Civ. P. 19(a) (necessary joinder) and Fed. R. Civ. P. 20(a)(2)(B) (permissive joinder). She claims that joinder is "necessary for a complete

2

adjudication of the crossclaims….." and seeks to add claims of "conversion, unjust enrichment, constructive trust, and related equitable remedies" against NCS Kensico, Inc. and the two estates (ECF No. 80, p. 2).

Ms. Triantafillou's proposed new claims are unrelated to the life insurance policy and do not relate to Ms. Stefanopoulos or Ms. Thanos. The proposed new claims would be made against NCS Kensico, Inc., the Estate of Dina Rentoulis and the Estate of Nikolaos Rentoulis (which does not exist). Upon information and belief, Nikolaos's assets went directly to Dina upon his death. Upon Dina's death shortly thereafter, only Dina's estate was probated. Ms. Stefanopoulos is currently a shareholders of NCS Kensico, Inc., but she was not a shareholder at the time of the purported wrongs alleged in Ms. Triantafillou's letter.

In an interpleader action, joinder of additional parties with no claim to the fund at issue is not proper. See, e.g., *JP Morgan Case Bank, N.A. v. 29-33 Ninth Avenue, LLC*, 710 F.Supp.3d 259, 275-276 (S.D.N.Y. 2024). "As to interpleader actions specifically, however, the scope of a district court's jurisdiction to adjudicate personal crossclaims filed by one interpleaded party against another is limited in scope. As the Supreme Court long ago explained…, interpleader 'cannot be used to solve all the vexing problems of multiparty litigation.'…. Section 1335 simply 'does not authorize consolidation of all related tort actions into a single action ….' *Indeed, crossclaims are permissible 'to attack [other interpleader defendants'] claims against the common fund, but for no other purpose.'* …." *Hartford Casualty Ins. Co. v. Lexington Ins. Co*., No. 14-CV-8060 (KMK), 2016 WL 1267801 *3 (S.D.N.Y., March 30, 2016) (citations omitted, emphasis added). Moreover, "interests of party convenience and judicial economy that would be served by trial of all claims in a single proceeding cannot compel the otherwise inappropriate joinder of claims in interpleader." *Washington Electric Cooperative, Inc. v. Paterson, Walke & Pratt, P.C*., 985 F.2d 677, 680 (2d Cir. 1993) (citations and internal quotation marks omitted).

3

Here, none of the proposed new parties have asserted claims to the insurance proceeds. Ms. Triantafillou seeks a drastic expansion of this lawsuit to encompass alleged conversion of assets–NOT the insurance proceeds–by persons and/or entities other than Ms. Stefanopoulos or Ms. Thanos. There is no nexus between the interpleader action and the proposed new claims/parties, other than the fact that they all involve Decedent. Therefore, we respectfully submit that "necessary" joinder to this interpleader action would be improper under relevant case law.

Permissive joinder is also inappropriate, as the proposed new claims do not involve a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(B). Vague new claims that additional parties converted the Decedent's money do not implicate Ms. Stefanopoulos or Ms. Thanos, or the question of who is entitled to the insurance proceeds at issue herein.

### (c) Joinder Would Delay The Present Action

Discovery is complete in this action, or nearly so. Were Ms. Triantafillou to be permitted to join new claims and new parties, each of these parties would be entitled to discovery. Moreover, before any joinder could be accomplished, Ms. Triantafillou would need to commence an administration proceeding in the Surrogate's Court for the Estate of Nicolaos Rentoulis, and to then be appointed Administrator. Additionally, given that the proposed claims are likely barred by the statute of limitations (see below), the new defendants would probably move to dismiss the claims against them, which would further delay resolution of the interpleader action, and the distribution of the $500,000 life insurance proceeds to the proper person(s).

### (d) The New Claims Appear to be Time-Barred

The proposed new claims appear to be barred by the statute of limitations. Under New York law, a claim for conversion must be commenced within three years, computed from "the time the cause of action accrued to the time the claim is interposed." CPLR §203(a). An equitable claim, such as one for unjust enrichment or constructive trust, which arises from an alleged conversion is subject

4

to the same three-year statute of limitations. *Feldman v. Strulovitch*, No. 20 Civ. 7270 (NRB), 2022 WL 3447919 *4-5 (S.D.N.Y., August 17, 2022); *Grosz v. Museum of Modern Art*, 772 F.Supp.2d 473, 481 (S.D.N.Y.), affirmed 302 Fed. Appx. 575 (2d Cir. 2010). Here, while Ms. Triantafillou does not state the dates of the alleged conversions, it is believed that any such transfers occurred more than three years ago.

**(e)    This Motion Appears to be an Effort to Bootstrap Impermissibly Small Claims to this Diversity Action**

Upon information and belief, the amount that Ms. Triantafillou alleges was "converted" by NSC Kensico, Inc. and/or Dina Rentoulis and/or Nikolaos Rentoulis would not meet the $75,000 threshold for a separate diversity action in this Court. However, the fact that Ms. Triantafillou could likely not maintain a separate action in this Court against any of the proposed defendants is no reason to join them here, in the absence the proposed parties having any stake in the life insurance proceeds, and given the inordinate delay that would ensue if joinder were permitted.

For all of the foregoing reasons, Christina Stefanopoulos objects to the joinder of new claims and parties to the present interpleader action. We respectfully request that the Court deny Ms. Triantafillou's request, or, at the very least, request that the Court schedule a pre-motion conference so that we may have an opportunity to discuss all of the above with Your Honor.

Respectfully submitted,

/s/ Sharman T. Propp
_____
SHARMAN T. PROPP

cc:  Joshua Androphy, Esq.
     Alexander Kadochnikov, Esq.