# Reisman Rubeo, LLP
-Attorneys & Counselors at Law-

| | | |
|---|---|---|
| Mark I. Reisman<br>Mark A. Rubeo, Jr.*<br>—<br>*admitted in NY, CT & DC | 151 Broadway<br>Hawthorne, New York 10532<br><br>(914) 495-3050<br>(914) 495-3051 facsimile | Of Counsel:<br>Sharman T. Propp |

June 23, 2025

**VIA ECF**
The Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 100601

           Re:    **Equitable Financial Life Ins. Co. v. Triantafillou, et al.,
Case No. 7:23-cv-07905-PMH**

Dear Judge Halpern:

      This firm represents Defendant Christina Stefanopoulos ("Ms. Stefanopoulos") in the above-referenced matter. I write to the Court in response to the letter motion of Defendant Alysha Triantafillou, both in her individual capacity and as Administratrix of the Estate of Ioannis Triantafillou (referred to herein in both capacities as "Ms. Triantafillou"), seeking an Order joining Christoforos Triantafillou as an additional defendant to this interpleader action (ECF No. 88). As explained below, the letter motion should be denied. Additionally, because it now appears that neither Ms. Triantafillou, individually, nor the Estate of Ioannis Triantafillou has standing to maintain the cross-claims, we respectfully request leave to make a motion to dismiss these parties' cross-claims, with prejudice, and/or to move for summary judgment. Co-Defendant Tammy Thanos joins in these requests.

      This is an interpleader action to determine the proper beneficiaries of a $500,000 life insurance policy on the life of Ioannis Triantafillou ("Decedent"). As alleged in the Amended Complaint, Decedent purchased a life insurance policy from Equitable in November 1988, naming his mother, Stavriani Triantafillou, and his brother, Christoforos Triantafillou, as beneficiaries (ECF No. 51,

¶¶13, 15). On or about May 22, 2020, Equitable received a Life Insurance Beneficiary Change form requesting that Nikolaos J. Rentoulis ("Nikolaos"), the Decedent's cousin, be named as the primary beneficiary of the policy, and that Dina Rentoulis ("Dina"), Nikolaos's wife, be named contingent beneficiary. Further, the Beneficiary Change Form provided that if Nikolaos and Dina predeceased the Decedent, the insurance proceeds were to go to their daughters, Defendant Tammy Thanos ("Ms. Thanos") and Ms. Stefanopoulos, per stirpes (*id*., ¶¶18-19).

Nikolaos died of COVID on or about April 22, 2021, and Dina died, also of COVID, on or about June 5, 2021. (*Id*., ¶21). Their children, Ms. Thanos and Ms. Stefanopoulos, survive them.

The Decedent died on or about November 29, 2022 (*id*., ¶20). Ms. Thanos, who, with Ms. Stefanopoulos, are the contingent beneficiaries of the Policy if Nikolaos and Dina predecease the Decedent, informed Equitable of the Decedent's death on December 13, 2022 (*id.* ¶23). However, Ms. Triantafillou filed a competing claim for the Policy proceeds on or about January 26, 2023 (*id*., ¶24, and Exhibit F to Amended Complaint – ECF No. 51-6). Notably, Ms. Triantafillou's claim form lists Nikolaos and Dina Rentoulis as the Policy beneficiaries (*id*.).

Despite having set forth on her claim form that Nikolaos and Dina Rentoulis, deceased, were the named beneficiaries of the Policy, Ms. Triantafillou claims that Decedent lacked capacity to make a beneficiary change in 2020, and asserts that she is entitled to the insurance proceeds (See Triantafillou Answer/Cross-Claim, ECF No. 27)[1]. Ms. Stefanopoulos and Ms. Thanos also assert Cross-Claims against Ms. Triantafillou and the Decedent's Estate, claiming that, as the surviving children of Dina, they are the proper beneficiaries of the Life Insurance Policy (ECF Nos. 58 and 59).

However, it now appears that Christoforos Triantafillou ("Christoforos"), one of the original named beneficiaries of the insurance policy, is alive (see Letter Motion, ECF No. 88, p.2) (upon

---

[1] Ms. Triantafillou did not file an Answer to the Amended Complaint.

information and belief, Decedent's mother, the other original beneficiary, predeceased the Decedent). Ms. Stefanopoulos was, until 2025, unaware that Christoforos was alive. Christoforos, who, upon information and belief, is Alysha's uncle or cousin and resides in Greece, has not made a claim to the Equitable policy, nor has he sought to intervene in this action. Nevertheless, Ms. Triantafillou now asserts that Christoforos is a necessary party to this proceeding.

Ms. Triantafillou's counsel requests that the Court order Equitable Financial Life Insurance Company to join Christoforos as a defendant in this action. However, by Order dated June 20, 2024 (ECF No. 69), the Court dismissed Equitable from the action, with prejudice. Therefore, it appears that the primary relief sought by Ms. Triantafillou in her letter motion cannot be granted.

With respect to Ms. Triantafillou's alternative requested relief, dismissal of the action for failure to join a necessary party, we note that at no time has Christoforos, Ms. Triantafillou's uncle or cousin, come forward to contest our client's claim as a beneficiary and/or to claim that he has a right to the insurance proceeds as the surviving original beneficiary. Christoforos' failure to file a claim suggests that he is not a necessary party herein. See, *JP Morgan Chase Bank, N.A. v. 29-33 Ninth Avenue, LLC*, 710 F.Supp.3d 259, 275-276 (S.D.N.Y. 2024), in which the Court denied a motion to join additional defendants to an interpleader action:

> More importantly, however, none of the identified parties have made a claim *to Chase* that they are entitled to any of the relevant funds. Chase is entitled to bring this interpleader action because it has demonstrated "a real and reasonable fear of double liability or vexatious, conflicting claims" from the named Defendants in this case….. In contrast, none of the five parties named by the Akiva Defendants have taken any steps to execute on a judgment, let alone even communicate to Chase a desire to access the funds in the accounts. As a result, the Court declines to order Chase to add those non-parties as defendants at this time. – (Emphasis in original, citation omitted).

While we concede that contrary authority exists (see, e.g., *Metropolitan Life Insurance Co. v. Totten*, No. 1:04 CV 1278, 2005 WL 2033488 (S.D.N.Y., August 22, 2005), we submit that Christoforos, who does not appear to claim any entitlement to the Policy, is not a necessary party to this action.

3

Therefore, it is respectfully requested that the Court deny Ms. Triantafillou the relief requested in her letter motion.

Request for Leave to File Motion to Dismiss Cross-Claim

Additionally, because Ms. Triantafillou has revealed that Christoforos is alive, neither Ms. Triantafillou, individually, nor her father's estate has standing in this action, even though Ms. Triantafillou filed a purported claim with Equitable.

The policy provides as follows with respect to beneficiaries:

> The Beneficiary is as stated in the application, unless later changed. The Beneficiary is entitled to the insurance benefits of this policy. *If two or more persons are named, those who survive the Insured will share the insurance benefits equally, unless you have made other arrangements with us.*
>
> If there is no designated Beneficiary living at the death of the Insured, we will pay the benefits to the surviving children of the Insured in equal shares. If none survive, we will pay the Insured's estate.

(ECF No. 51-2- Life Insurance Policy, p.4 – emphasis added).

Christoforos was living at the time of the insured's death. Therefore, *even if* Ms. Triantafillou were able to prove that the 2020 beneficiary change was somehow invalid, the beneficiary of the policy would be Christoforos Triantafillou, not Ms. Triantafillou. Ms. Triantafillou, and the Estate of Ioannis Triantafillou therefore have no stake whatsoever in the outcome of this litigation. For this reason, Ms. Triantafillou lacks standing to maintain her cross-claims against Ms. Stefanopoulos and Ms. Thanos. *Wells Fargo Bank, N.A. v. ESM Fund I, LP*, 785 F.Supp.2d 188, 197 (S.D.N.Y. 2011); see also, *Dennis v. J. P. Morgan Chase & Co.*, 342 F.Supp.3d 404, 409 (S.D.N.Y. 2018).

While Ms. Stefanopoulos did not assert lack of standing as a defense in her Answer to the Cross-Claim, we submit that such her failure to do so is excusable, inasmuch as she was unaware that Christoforos was alive. Christophoros's alleged interest as a beneficiary is a theory that Ms. Triantafillou inexplicably appears to have kept to herself while pursuing her claim to the insurance

proceeds. Where, as here, facts demonstrating lack of standing are revealed during the pendency of an action, there is no prejudice to the non-moving party for the Court to entertain a motion to dismiss on that ground. *Id.* at 412 ("Accordingly, any resulting prejudice to plaintiffs would not be 'unfair' because…Plaintiffs in fact…lack capacity to sue."). Additionally or in the alternative, Ms. Stefanopoulos respectfully requests leave to file a motion for summary judgment dismissing Ms. Triantafillou's cross-claim, on the basis that, with Christoforos alive, the policy document prohibits any recovery of the Policy proceeds by Ms. Triantafillou, even if, for argument's sake, Decedent lacked capacity to change the Policy beneficiaries in 2020 and/or even if the beneficiary change form was forged as Ms. Triantafillou claims.

For all of the foregoing reasons, Christina Stefanopoulos respectfully requests that the Court grant her leave to move to dismiss the cross-claims of Alysha Triantafillou, in her individual capacity and as Administrator of the Estate of Ioannis Triantafillou, and/or to move for summary judgment dismissing same. Further, it is respectfully requested that the Court deny Ms. Triantafillou's request for joinder of Christoforos Triantafillou as a Defendant in this action or dismissal of the action, or, at the very least, request that the Court schedule a pre-motion conference so that we may have an opportunity to discuss all of the above with Your Honor.

Respectfully submitted,

/s/ Sharman T. Propp

_____
SHARMAN T. PROPP

cc: Joshua Androphy, Esq.
    Alexander Kadochnikov, Esq.