UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

Docket # 7:23-CV-07905

EQUITABLE FINANCIAL LIFE INSURANCE
COMPANY

                           Plaintiffs,

           -against-

ALYSHA TRIANTAFILLOU, ALYSHA
TRIANTAFILLOU AS ADMINISTRATRIX OF THE
ESTATE OF IOANNIS TRIANTAFILLOU, TAMMY
THANOS, CHRISTINA STEFANOPOULOS,
ROSEMARIE ZOTO, LOUIS ZOTO,

                           Defendants.
-----------------------------------------------------------------------X
ALYSHA TRIANTAFILLOU, ALYSHA
TRIANTAFILLOU AS ADMINISTRATRIX OF THE
ESTATE OF IOANNIS TRIANTAFILLOU

                     Cross-Claim Plaintiffs

           -against-

CHRISTOFOROS TRIANTAFILLOU

                     Cross-Claim Defendant


-----------------------------------------------------------------------X

| AMENDED ANSWER WITH CROSS CLAIMS TO EQUITABLE FINANCIAL LIFE INSURANCE COMPANY'S AMENDED COMPLAINT |

Defendants, ALYSHA TRIANTAFILLOU, ALYSHA TRIANTAFILLOU AS

ADMINISTRATRIX OF THE ESTATE OF IOANNIS TRIANTAFILLOU ("Defendant" or

"Cross-Claimant) by and through their counsel, Alexander Kadochnikov, Esq. of Shiryak,

Bowman, Anderson, Gill & Kadochnikov, LLP, answers separately numbered paragraphs in the

Answer containing affirmative defenses and cross-claims as follows:

1

**RESPONSE STATEMENTS TO PARTIES**

1. Defendant denies the information or knowledge to either admit or deny Paragraph 1 of the Amended Complaint.

2. Defendant denies the allegations in Paragraph 2 of the Amended Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Amended Complaint.

4. Defendant denies the allegations in Paragraph 4 of the Amended Complaint.

5. Defendant denies the information or knowledge to either admit or deny Paragraph 5 of the Amended Complaint.

6. Defendant denies the information or knowledge to either admit or deny Paragraph 6 of the Amended Complaint.

7. Defendant denies the information or knowledge to either admit or deny Paragraph 7 of the Amended Complaint.

8. Defendant denies the information or knowledge to either admit or deny Paragraph 8 of the Amended Complaint.

**RESPONSE STATEMENTS TO JURISDICTION AND VENUE**

9. Defendant admits the allegations contained in Paragraph 9 of the Amended Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Amended Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Amended Complaint.

**RESPONSE STATEMENTS TO FACTS SUPPORTING INTERPLEADER:**

**BENEFICIARY DESIGNATIONS**

13. Defendant denies the information or knowledge to either admit or deny Paragraph 13 of the Amended Complaint.

14. Defendant denies the information or knowledge to either admit or deny Paragraph 14 of the Amended Complaint. The document referenced in the Amended Complaint as Exhibit B speaks for itself.

15. Defendant admits the allegations in Paragraph 15 of the Amended Complaint to the extent that beneficiaries of the Policy referenced in Exhibit A are Stavriani Triantafillou and Christoforos Triantafillou, but otherwise denies the allegations.

16. Defendant denies the information or knowledge to either admit or deny Paragraph 16 of the Amended Complaint. Defendant separately denies that Ionis Trianrafillou requested a change of address on the Policy.

17. Defendant denies the information or knowledge to either admit or deny Paragraph 17 of the Amended Complaint. Defendant separately denies that Ionis Trianrafillou placed any telephonic requests with the Plaintiff as he was unable to speak without an interpreter since 2011.

18. Defendant denies the information or knowledge to either admit or deny Paragraph 18 of the Amended Complaint. Defendant separately denies that Ionis Trianrafillou requested the Beneficiary Change Form.

19. Defendant admits the allegations in Paragraph 19 of the Amended Complaint to the extent that "The Beneficiary Change Form contained "Special Instructions," providing that if the Cousin Beneficiaries predeceased the Insured, 100% of the insurance proceeds owed under the Policy were to be left to the Cousin Beneficiaries' "issue, per stirpes," and noting that "their children are Tammy Thanos and Christina Rentoulis." Any other allegations in Paragraph 19 of the Amended Complaint are denied.

20. Defendant denies the information or knowledge to either admit or deny Paragraph 20 of the Amended Complaint.

21. Defendant denies the information or knowledge to either admit or deny Paragraph 21 of the Amended Complaint.

22. Defendant admits the allegations in Paragraph 22 of the Amended Complaint to the extent that the Insured passed away in Tripoli, Arcadia, Greece, and denies the information or knowledge to either admit or deny the rest of the allegations in Paragraph 22 of the Amended Complaint.

23. Defendant denies the information or knowledge to either admit or deny Paragraph 23 of the Amended Complaint.

24. Defendant admits the allegation in Paragraph 24 of the Amended Complaint.

25. Defendant admits the allegation in Paragraph 25 of the Amended Complaint.

26. Defendant denies the information or knowledge to either admit or deny Paragraph 26 of the Amended Complaint. Defendant separately denies the allegation that Tammy is a true beneficiary of the Policy.

27. Defendant admits the allegation in Paragraph 27 of the Amended Complaint.

28. Defendant admits the allegations in Paragraph 28 of the Amended Complaint to the extent that Equitable's counsel responded with a request for documentation, but otherwise denies all other allegations.

29. Defendant admits the allegations in Paragraph 29 of the Amended Complaint to the extent of the information contained in the correspondence attached as Exhibit L, but otherwise denies all other allegations.

30. Defendant admits the allegations contained in Paragraph 30 of the Amended Complaint.

31. Defendant admits the allegations contained in Paragraph 31 of the Amended Complaint.

32. Defendant denies the information or knowledge to either admit or deny Paragraph 32 of the Amended Complaint.

33. Defendant denies the information or knowledge to either admit or deny Paragraph 33 of the Amended Complaint.

34. Defendant denies the information or knowledge to either admit or deny Paragraph 34 of the Amended Complaint.

35. Defendant denies the information or knowledge to either admit or deny Paragraph 35 of the Amended Complaint.

36. Defendant denies the information or knowledge to either admit or deny Paragraph 36 of the Amended Complaint.

**RESPONSE TO FACTS SUPPORTING INTERPLEADER: ASSIGNMENTS**

37. Defendant denies the information or knowledge to either admit or deny Paragraph 37 of the Amended Complaint.

38. Defendant denies the information or knowledge to either admit or deny Paragraph 38 of the Amended Complaint.

39. Defendant denies the information or knowledge to either admit or deny Paragraph 39 of the Amended Complaint.

40. No response is required to Paragraph 40 of the Amended Complaint.

41. Defendant denies the information or knowledge to either admit or deny Paragraph 41 of the Amended Complaint.

42. Defendant denies the information or knowledge to either admit or deny Paragraph 42 of the Amended Complaint.

43. Defendant denies the information or knowledge to either admit or deny Paragraph 43 of the Amended Complaint.

44. Defendant denies the information or knowledge to either admit or deny Paragraph 44 of the Amended Complaint.

45. Defendant denies the information or knowledge to either admit or deny Paragraph 45 of the Amended Complaint.

46. Defendant admits the allegations in Paragraph 46 of the Amended Complaint to the extent of the information contained that Alysha Triantafillou still maintains her claim to the Death Benefits, but otherwise denies all other allegations.

47. No response is required to Paragraph 47 of the Amended Complaint.

48. Defendant denies the information or knowledge to either admit or deny Paragraph 48 of the Amended Complaint.

**RESPONSE TO INTERPLEADER TO DEPOSIT INSURANCE POLICY DEATH BENEFITS INTO THE REGISTRY OF THE COURT**

49. No response is required to Paragraph 49 of the Amended Complaint.

50. Defendant denies the information or knowledge to either admit or deny Paragraph 50 of the Amended Complaint.

51. Defendant denies the information or knowledge to either admit or deny Paragraph 51 of the Amended Complaint.

52. Defendant denies the information or knowledge to either admit or deny Paragraph 52 of the Amended Complaint.

53. Defendant denies the information or knowledge to either admit or deny Paragraph 53 of the Amended Complaint. Defendant separately denies that Equitable is entitled to payment of costs, disbursements, and/or attorney fees.

54. Defendant denies the information or knowledge to either admit or deny Paragraph 54 of the Amended Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Amended Complaint.

**CROSS-CLAIM AGAINST CHRISTINA STEFANOPOULOS AND TAMMY THANOS**

56. Defendant repeats and realleges all previous paragraphs as if fully set forth herein.

**PRELIMINARY STATEMENT**

57. Alysha Triantafillou and Alysha Triantafillou as Administratrix of the estate of Ioannis Triantafillou ("Cross-Claimant") brings this cross-claim against Tammy Thanos, Christina Stefanopoulos ("Cross-Claim Defendants") for an Order for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the Cross-Claimant to be the rightful beneficiary of one hundred (100%) of the proceeds of the life insurance policy bearing number xxxx6693 ("Policy").

**STATEMENT OF FACTS**

58. Alysha Triantafillou is the daughter and sole heir of Ioannis Triantafillou ("Ioannis")

59. Ioannis has not been able to verbally communicate since 2013 because of his Parkinson's disease.

60. Reference is hereby made to Paragraph 14 of Plaintiff's Complaint. Ioannis has never lived at 94 Baldwin Lane c/o Nikolaos Rentoulis, Mahopac, NY 10541.

61. Reference is hereby made to Paragraph 15 of Plaintiff's Complaint. Ioannis could not physically make a phone call to Equitable and requested an illustration of the Policy as he was physically unable to speak since 2013.

62. On information and belief Nikolaos J. Rentoulis and Dina Rentoulis submitted a fraudulent request to change the beneficiaries of the Policy, because by 2020 Ioannis was no longer able to write.

63. Neither Cross-Claim Defendants are entitled to the Death Benefits.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment)

64. Cross-Claimant repeats and realleges all previous paragraphs as if fully set forth herein.

65. There exists a justiciable controversy with regard to the proceeds of the life insurance policy.

66. Cross-Claimant is respectfully requesting a declaratory judgment in favor of the Cross-Claimant and against Cross-Claim Defendants.

## CROSS-CLAIM AGAINST CHRISTOFOROS TRIANTAFILLOU

67. Alysha Triantafillou repeats and realleges all previous paragraphs as if fully set forth herein.

68. Upon information and belief, CHRISTOFOROS TRIANTAFILLOU is a named beneficiary under the life insurance policy referenced in the Complaint and is alleged to have a potential claim to the death benefit proceeds.

69. Upon information and belief, CHRISTOFOROS TRIANTAFILLOU is domiciled in Greece

70. On information and belief, CHRISTOFOROS TRIANTAFILLOU resides in or around Tyros, Greece

71. This Court has subject matter jurisdiction over this action as there is minimal diversity of citizenship between the Interpleader Defendants and the amount in controversy exceeds $500.00.

72. Alysha Triantafillou makes no representation as to whether Christoforos Triantafillou is or is not entitled to any portion of the life insurance death benefits.

73. Alysha Triantafillou seeks to join Christoforos Triantafillou solely to comply with the directive set forth in the Honorable Philip M. Halpern's July 15, 2025 Order which states "Alysha is directed, by July 22, 2025, to file an amended Answer adding Christoforos Triantafillou as a party defendant to this interpleader action with no other changes."

74. Alysha Triantafillou expressly reserves all rights to assert claims, defenses, or cross-claims against Christoforos Triantafillou, if and when he appears and asserts an interest in the proceeds of the policy.

## PRAYER FOR RELIEF

**WHEREFORE**, Alysha Triantafillou  demands judgment declaring it to be the rightful beneficiary of the one hundred (100%) of the proceeds of the death benefit of the Policy, and any accrued interest.

Dated: July 22, 2025
      Kew Gardens, NY

                      /s/ Kadochnikov

                      _____
                      Alexander Kadochnikov, Esq.
                      Shiryak, Bowman, Anderson,
                      Gill & Kadochnikov, LLP
                      *Attorney for the Defendant/Cross-Claimants*
                      *Alysha Triantafillou, Alysha Triantafillou as*
                      *Administratrix of the Estate of Ioannis Triantafillou*

9

80-02 Kew Gardens Rd, Suite 600
Kew Gardens, NY 11415
718-577-3261
akadochnikov@sbagk.com