UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------**X**

Docket # 7:23-CV-07905

EQUITABLE FINANCIAL LIFE INSURANCE
COMPANY

                            Plaintiffs,

| **MEMORANDUM OF LAW** |
| --- |
|  |

      -against-

ALYSHA TRIANTAFILLOU, ALYSHA
TRIANTAFILLOU AS ADMINISTRATRIX OF THE
ESTATE OF IOANNIS TRIANTAFILLOU, TAMMY
THANOS, CHRISTINA STEFANOPOULOS,
ROSEMARIE ZOTO, LOUIS ZOTO,

                          Defendants.
-------------------------------------------------------------------------**X**
ALYSHA TRIANTAFILLOU, ALYSHA
TRIANTAFILLOU AS ADMINISTRATRIX OF THE
ESTATE OF IOANNIS TRIANTAFILLOU

                     Cross-Claim Plaintiffs

      -against-

CHRISTOFOROS TRIANTAFILLOU

                     Cross-Claim Defendant

-------------------------------------------------------------------------**X**

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ 3

PRELIMINARY STATEMENT ....................................................................................... 4

FACTUAL AND PROCEDURAL BACKGROUND....................................................... 4

I.    DEFAULT JUDGMENT IS APPROPRIATE UNDER RULE 55(b) .................................. 6

II. SERVICE ON CHRISTOFOROS TRIANTAFYLLOU COMPLIED WITH RULE 4(f)(1)
AND THE HAGUE CONVENTION ................................................................................. 7

III.   DEFAULT JUDGMENT IS WARRANTED BECAUSE CHRISTOFOROS
TRIANTAFYLLOU FAILED TO APPEAR OR OTHERWISE DEFEND ............................... 9

IV.   DEFAULT JUDGMENT AGAINST CHRISTOFOROS IS APPROPRIATE AND WILL
BAR HIM FROM ASSERTING ANY INTEREST IN THE INTERPLEADED FUNDS WHILE
THIS ACTION PROCEEDS AMONG THE REMAINING CLAIMANTS .............................. 10

V.   CROSS-CLAIM PLAINTIFF HAS COMPLIED WITH THE SERVICEMEMBERS CIVIL
RELIEF ACT. ............................................................................................................ 11

CONCLUSION.............................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

Avant Petroleum, Inc. v. Banque Paribas, 853 F.2d 140, 143 - 144 (2d Cir. 1988) ........ 10

Burda Media, Inc. v. Viertel, 417 F.3d 292, 300 (2d Cir. 2005) ....................................... 7, 8

City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) ................. 6, 7

Del Carmen Montan v. Am. Airlines, Inc (In re Aircrash at Belle Harbor), 490 F.3d 99 (2d Cir. 2007) ............................................................................................................................... 11

Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009 ........................................................ 7

Greyhound Exhibitgroup v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) ...... 9

Jimenez v. Green Olive Inc., 744 F. Supp. 3d 221, 243 (E.D.N.Y. 2024) ........................ 12

NDF1, LLC v. Cunningham, 754 F. Supp. 3d 273, 284 (E.D.N.Y. 2024) ........................ 12

Scottsdale Ins. Co. v. McGrath, 88 F.4th 369 (2d Cir. 2023) ............................................ 11

Truck-A-Tune v. Re, 23 F.3d 60, 62 ..................................................................................... 10

Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699-700, 108 S. Ct. 2104, 2108 (1988) ....................................................................................................................... 7

**Statutes**

28 U.S.C. § 1335 ...................................................................................................................... 6

50 U.S.C. § 3931 ................................................................................................................ 11, 12

FRCP 4 ................................................................................................................................ 7, 8, 9

FRCP 55 ....................................................................................................................... passim

## PRELIMINARY STATEMENT

This motion arises from an interpleader action commenced to resolve competing claims to the proceeds of a life insurance policy issued by Plaintiff Equitable Financial Life Insurance Company following the death of the insured, Ioannis Triantafillou. Pursuant to this Court's Order, Cross-Claim Plaintiff Alysha Triantafillou, individually and as Administratrix of the Estate of Ioannis Triantafillou ("Cross-Claim Plaintiff"), joined Christoforos Triantafillou as an additional Cross-Claim Defendant because he was identified as a potential claimant to the disputed insurance proceeds.

Christoforos Triantafillou was served in Greece pursuant to Rule 4(f)(1) of the Federal Rules of Civil Procedure and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Despite proper service, he failed to answer, appear, or otherwise defend this action. Upon Cross-Claim Plaintiff's application, the Clerk entered a Certificate of Default pursuant to Rule 55(a).

Cross-Claim Plaintiff now respectfully requests that the Court enter a default judgment pursuant to Rule 55(b). Entry of default judgment will preclude Christoforos Triantafillou from asserting any claim to the interpleaded proceeds in this action, eliminate a nonparticipating claimant from the litigation, and permit this matter to proceed efficiently toward a final adjudication of the remaining competing claims.

## FACTUAL AND PROCEDURAL BACKGROUND

This interpleader action arises from competing claims to the proceeds of a life insurance policy issued by Plaintiff Equitable Financial Life Insurance Company on the life of Ioannis Triantafillou (the "Policy"). Following the death of the insured, multiple individuals asserted

competing claims to the Policy proceeds, prompting Plaintiff to commence this interpleader action.

Defendant and Cross-Claim Plaintiff Alysha Triantafillou, individually and as Administratrix of the Estate of Ioannis Triantafillou ("Cross-Claim Plaintiff"), disputes the validity of certain beneficiary designations and claims entitlement to the Policy proceeds. During the course of the litigation, it became apparent that Christoforos Triantafillou was identified as a beneficiary under one of the beneficiary designations at issue and therefore possessed a potential claim to the interpleaded funds.

On July 15, 2025, following a conference with the parties, the Court denied Cross-Claim Plaintiff's request to compel Plaintiff to join Christoforos Triantafillou as a party, but directed Cross-Claim Plaintiff to file an amended answer adding Christoforos Triantafillou as a party defendant to this interpleader action no later than July 22, 2025, and to effect service upon him no later than August 29, 2025. (ECF No. 101.)

In compliance with the Court's Order, Cross-Claim Plaintiff filed an Amended Answer, Affirmative Defenses, Cross-Claims and Counterclaim on July 24, 2025, naming Christoforos Triantafillou as a Cross-Claim Defendant. (ECF No. 108.) The Clerk issued a summons directed to Christoforos Triantafillou on July 25, 2025. (ECF No. 109.)

Because Christoforos Triantafillou resides in Greece, service was effected pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. The competent Greek authority completed service on January 15, 2026, and a translated Certificate of Service was thereafter filed with the Court on June 10, 2026. (ECF No. 124.)

Christoforos Triantafillou did not answer, appear, move, request an extension of time, or otherwise respond to the Cross-Claims. Accordingly, Cross-Claim Plaintiff applied for entry of a Clerk's Certificate of Default pursuant to Rule 55(a). On June 26, 2026, after reviewing the application and supporting documentation, the Clerk entered a Certificate of Default against Christoforos Triantafillou. (ECF No. 131.)

The Court has subject matter jurisdiction over this statutory interpleader action pursuant to 28 U.S.C. § 1335, and personal jurisdiction over Christoforos Triantafillou by virtue of his proper service pursuant to Rule 4(f)(1) and the Hague Convention. Plaintiff has deposited the disputed insurance proceeds into the registry of the Court, thereby satisfying the jurisdictional requirements of 28 U.S.C. § 1335.

Cross-Claim Plaintiff now seeks entry of a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Judge Halpern's Individual Practices.

## I.      DEFAULT JUDGMENT IS APPROPRIATE UNDER RULE 55(b)

Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining a default judgment. First, the Clerk enters a default against a party who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Second, upon application to the Court, a default judgment may be entered pursuant to Rule 55(b). As the Second Circuit has explained, entry of default "formalizes a judicial recognition that a defendant has, through his failure to defend the action, admitted liability to the plaintiff," while entry of a default judgment converts that admission into a final judgment to the extent permitted by Rule 54(c). City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011)

Although a defaulting party is deemed to admit all well-pleaded factual allegations, the Court must nevertheless determine whether those allegations establish liability as a matter of law. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

A default does not constitute an admission of legal conclusions, and the Court retains discretion to determine whether the pleadings state a valid basis for the requested relief. Mickalis Pawn Shop at 137.

Here, the Clerk entered a Certificate of Default against Cross-Claim Defendant Christoforos Triantafillou pursuant to Rule 55(a) after determining that he had been properly served and failed to plead or otherwise defend. Having satisfied Rule 55(a), and as discussed below, Cross-Claim Plaintiff respectfully submits that entry of a default judgment pursuant to Rule 55(b) is appropriate.

## II. SERVICE ON CHRISTOFOROS TRIANTAFYLLOU COMPLIED WITH RULE 4(f)(1) AND THE HAGUE CONVENTION

Rule 4(f)(1) expressly authorizes service by any internationally agreed means reasonably calculated to provide notice, including the Hague Service Convention. Fed. R. Civ. P. 4(f)(1). Both the United States and Greece are contracting states to the Convention, making the Convention the governing method of service in this case. Burda Media, Inc. v. Viertel, 417 F.3d 292, 300 (2d Cir. 2005)

Under Articles 2 through 6 of the Convention, the requesting party submits the service request to the receiving state's Central Authority. The Central Authority then effects service in accordance with its own internal law and certifies the manner in which service was accomplished. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699-700, 108 S. Ct. 2104, 2108 (1988)

That is precisely what occurred here. Plaintiff transmitted the summons and amended crossclaim through the Greek Central Authority. The Central Authority assigned the request to the appropriate local police authority, which personally effected service in accordance with Greek law and returned an executed Hague Certificate confirming the date, place, and manner of service. Because Rule 4(l)(2)(A) provides that service under Rule 4(f)(1) is proved "as provided in the applicable treaty or convention," the returned Hague Certificate constitutes proof of valid service.

Federal courts consistently hold that a completed Article 6 Hague Certificate establishes a prima facie showing that service complied with both the Convention and the receiving nation's internal law. Burda Media, 417 F.3d at 300-03. Even where the foreign authority deviates from the Convention's preferred paperwork, the Second Circuit has refused to invalidate service so long as the foreign authority officially certified that service was accomplished and the defendant received constitutionally adequate notice.

Indeed, in Burda Media, the Second Circuit held that a French police report was an adequate substitute for the formal Hague Certificate because the Convention emphasizes actual notice rather than technical formalities.

Equally important, federal courts do not "look behind" the certification issued by the foreign sovereign to determine whether the foreign officials correctly applied their own procedural law. Once the Central Authority certifies service, courts presume that the foreign authority complied with its domestic procedures. The burden shifts to the defendant to identify a specific legal defect supported by competent evidence, not merely speculate that service could have been performed differently. Burda Media, 417 F.3d at 300-03

Accordingly, because Plaintiff served Christoforos Triantafyllou through Greece's designated Central Authority pursuant to Rule 4(f)(1), and because the Greek authorities certified that service was completed in accordance with Greek law, service was valid as a matter of federal law. The requirements of Rule 4(f)(1), Rule 4(l)(2)(A), and the Hague Service Convention have therefore been fully satisfied.

## III.    DEFAULT JUDGMENT IS WARRANTED BECAUSE CHRISTOFOROS TRIANTAFYLLOU FAILED TO APPEAR OR OTHERWISE DEFEND

Following proper service under Rule 4(f)(1) and the Hague Service Convention, Christoforos Triantafyllou failed to answer, move, or otherwise appear within the time prescribed by the Federal Rules of Civil Procedure. Accordingly, the Clerk properly entered default pursuant to Rule 55(a).

Once default has been entered, the well-pleaded factual allegations of the Amended Cross-Claim relating to liability are deemed admitted. See Greyhound Exhibitgroup v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) Because Plaintiff has established proper service, the Court's personal jurisdiction over the defaulting defendant, and Defendant's failure to plead or otherwise defend, entry of a default judgment under Rule 55(b) is appropriate.

Moreover, there is no indication that Defendant's default resulted from excusable neglect. Rather, despite receiving notice through the procedures prescribed by the Hague Convention, Defendant has elected not to participate in this litigation. Under these circumstances, default judgment serves the interests of justice by preventing further delay and allowing this matter to proceed to a final determination on the merits of the competing claims to the disputed insurance proceeds.

## IV.    DEFAULT JUDGMENT AGAINST CHRISTOFOROS IS APPROPRIATE AND WILL BAR HIM FROM ASSERTING ANY INTEREST IN THE INTERPLEADED FUNDS WHILE THIS ACTION PROCEEDS AMONG THE REMAINING CLAIMANTS

An interpleader action is ordinarily conducted in two stages. First, the Court determines whether the stakeholder has properly invoked interpleader. Second, the Court adjudicates the competing claims of the claimants to the disputed fund. Avant Petroleum, Inc. v. Banque Paribas, 853 F.2d 140, 143 - 144 (2d Cir. 1988)

At the second stage, the action proceeds like any other civil case. The Court adjudicates the rights of the parties who have appeared and asserted claims before it. The existence of potential claims by parties who fail to appear does not prevent the Court from determining the rights of the participating claimants. Id. at 144.

That principle applies here. Christoforos was properly served pursuant to the Hague Convention, yet failed to answer, appear, or otherwise defend this action. His failure to participate warrants entry of default judgment under Rule 55 and operates as a forfeiture and bars him from participating in any distribution of the interpleaded proceeds unless the default is later vacated. See Truck-A-Tune v. Re, 23 F.3d 60, 62 (2d Cir. 1994) (recognizing the district court's authority in an interpleader action to adjudicate the rights of participating claimants notwithstanding the default of competing claimants).

Accordingly, entry of default judgment against Christoforos will eliminate him as a competing claimant to the fund, permitting this action to proceed solely among the remaining parties.

Because claims remain pending among the other defendants, the requested default judgment is interlocutory rather than immediately appealable absent certification under Rule 54(b). Scottsdale Ins. Co. v. McGrath, 88 F.4th 369 (2d Cir. 2023)

That procedural reality, however, does not affect the Court's authority to enter default judgment under Rule 55 against a claimant who has failed to appear. Rather, Rule 54(b) merely governs the appealability of such an order while the litigation continues as to the remaining parties. See Del Carmen Montan v. Am. Airlines, Inc (In re Aircrash at Belle Harbor), 490 F.3d 99 (2d Cir. 2007)

For these reasons, entry of default judgment against Christoforos is appropriate and will narrow the issues remaining before the Court by conclusively barring him from asserting any interest in the interpleaded funds absent relief under Rules 55(c) or 60(b).

Entry of default judgment at this stage also promotes the efficient administration of this interpleader action. It removes a nonparticipating claimant from the litigation, narrows the issues for trial, eliminates the possibility of inconsistent claims to the fund by a party who has declined to appear despite proper Hague service, and permits the Court to adjudicate the competing claims of the remaining parties without unnecessary delay.

## V.    CROSS-CLAIM PLAINTIFF HAS COMPLIED WITH THE SERVICEMEMBERS CIVIL RELIEF ACT.

The Servicemembers Civil Relief Act ("SCRA") requires that, before entering a default judgment against an individual who has not appeared, the plaintiff file an affidavit stating whether the defendant is in military service or, if the plaintiff is unable to determine the defendant's military status, stating that fact and setting forth the facts supporting the investigation. 50 U.S.C. § 3931(b)(1). Courts within this Circuit strictly enforce these statutory

requirements. See e.g. NDF1, LLC v. Cunningham, 754 F. Supp. 3d 273, 284 (E.D.N.Y. 2024);

Jimenez v. Green Olive Inc., 744 F. Supp. 3d 221, 243 (E.D.N.Y. 2024)

Cross-Claim Plaintiff has complied with the SCRA. As set forth in the accompanying declarations, counsel conducted a reasonable investigation following Defendant's default. That investigation established that Christoforos Triantafillou resides in Greece and is believed to be a Greek citizen who has never resided in the United States. Cross-Claim Plaintiff has no information suggesting that Defendant has ever served in the armed forces of the United States. However, because Cross-Claim Plaintiff does not possess Defendant's United States Social Security number or other identifying information necessary to conduct a search of the Department of Defense Manpower Data Center, Cross-Claim Plaintiff is unable to determine Defendant's military status within the meaning of 50 U.S.C. § 3931(b)(1)(B).

Accordingly, Cross-Claim Plaintiff has complied with the requirements of 50 U.S.C. § 3931, and the statutory prerequisites to the entry of a default judgment have been satisfied.

## CONCLUSION

For the foregoing reasons, Cross-Claim Plaintiff Alysha Triantafillou, individually and as Administratrix of the Estate of Ioannis Triantafillou, respectfully requests that the Court:

1. Enter a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against Cross-Claim Defendant Christoforos Triantafillou;

2. Determine that, by reason of his default, Christoforos Triantafillou is barred from asserting any claim or interest in the interpleaded insurance proceeds in this action unless and until the default judgment is vacated pursuant to the Federal Rules of Civil Procedure;

3.  Permit this action to proceed among the remaining parties for adjudication of their respective claims to the interpleaded funds; and

4.  Grant such other and further relief as the Court deems just and proper.

Dated: Kew Gardens, NY

July 13, 2026

/s/Kadochnikov

_____

Alexander Kadochnikov