# Reisman Rubeo, LLP
-Attorneys & Counselors at Law-

Mark I. Reisman
Mark A. Rubeo, Jr.*
—

*admitted in NY, CT & DC

151 Broadway
Hawthorne, New York 10532

(914) 495-3050
(914) 495-3051 facsimile

Of Counsel:
Sharman T. Propp

July 28, 2026

*VIA ECF*
The Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 100601

Re:    **Equitable Financial Life Ins. Co. v. Triantafillou, et al.,**
**Case No. 7:23-cv-07905-PMH**

Dear Judge Halpern:

This firm represents Interpleader Defendant Christina Stefanopoulos ("Ms. Stefanopoulos") in the above-referenced matter.  We are preparing pretrial materials to be served and/or filed on July 31, 2026 in compliance with Your Honor's Orders in this action and Your Honor's Rules concerning pretrial submissions for non-jury trials.

We will be filing a motion in limine seeking, inter alia, to preclude Interpleader Defendant Alysha Triantafillou from introducing into evidence certain of the trial exhibits she identified in the Joint Pretrial Order (ECF No. 111-1), on grounds of hearsay, relevance and failure to provide certified translations of Greek language documents during discovery.  Specifically, we will be challenging the introduction of Exhibits AT-3, AT-4, AT-5 (183 pages), AT-6, AT-7, AT-8, AT-9, AT-10 (87 pages), AT-11, AT-12, AT-13 (1,144 pages), AT-14, AT-15 (92 pages), AT-16 (92 pages), AT-17, AT-19, AT-20, AT-23, AT-24, AT-25 and AT-26.  These documents include what appear to be Greek-language medical records and other documents relating to decedent Ioannis Triantafillou, as well as English-language medical records and other documents.

As noted above, some of the exhibits identified by Ms. Triantafillou in the Joint Pretrial Order are voluminous.  Upon information and belief, counsel for Ms. Triantafillou will be providing the Court with two courtesy copies of all of the challenged documents, in compliance with Rule 6Diii of Your Honor's Individual Rules of Practice.

We will electronically file the Notice of Motion in Limine and Memorandum of Law in support of the motion.  However, because Your Honor's Rules direct parties not to file trial exhibits, but only to serve them and send courtesy copies to the Court (and because some of the challenged Triantafillou exhibits are or appear to be medical records), I respectfully request guidance from the Court as to how we should handle the challenged trial exhibits.  Specifically, we request clarification as to whether we should electronically file all of the challenged Triantafillou trial exhibits as exhibits to the motion in limine, whether we should instead only send courtesy copies and/or email the challenged exhibits to the Court for review, or whether the Court prefers only to receive the two sets

of trial exhibits that we anticipate Ms. Triantafillou's counsel will be submitting to the Court on July 31.

We thank the Court for its consideration of this request for clarification on how to proceed with respect to submission of the motion in limine.

Respectfully submitted,

/s/ *Sharman T. Propp*

Sharman T. Propp

cc:  Joshua Androphy, Esq.
    Alexander Kadochnikov, Esq.

2