UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- X

EQUITABLE FINANCIAL LIFE
INSURANCE COMPANY,

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW OF INTERPLEADER DEFENDANTS CHRISTINA STEFANOPOULOS AND TAMMY THANOS**

Interpleader Plaintiff,

- against -

Index No. 7:23-cv-07905-PMH

ALYSHA TRIANTAFILLOU, ALYSHA
TRIANTAFILLOU AS ADMINISTRATRIX
OF THE ESTATE OF IOANNIS
TRIANTAFILLOU, TAMMY THANOS,
CHRISTINA STEFANOPOULOS, ROSEMARIE
ZOTO, LOUIS ZOTO,

Interpleader Defendants.

-------------------------------------------------------------------------- X

ALYSHA TRIANTAFILLOU, ALYSHA
TRIANTAFILLOU AS ADMINISTRATRIX
OF THE ESTATE OF IOANNIS
TRIANTAFILLOU,

Cross-Claim Plaintiffs,

-against-

CHRISTOFOROS TRIANTAFILLOU,

Cross-Claim Defendant.

--------------------------------------------------------------------------X

Interpleader Defendants CHRISTINA STEFANOPOULOS and TAMMY THANOS submit the following Proposed Findings of Fact and Conclusions of Law, pursuant to Rule 6Bii of the Individual Practice Rules of Honorable Philip M. Halpern:

## PROPOSED FINDINGS OF FACT

1.      On or about November 17, 1988, IOANNIS TRIANTAFILLOU ("Decedent" or "the Insured") purchased a life insurance policy from Interpleader Plaintiff Equitable Financial Life Insurance Company ("Equitable"), with a death benefit value of $500,000.00 ("the Policy"). See *Equitable Financial Life Insurance Policy*, *Exhibit CS-A, and Stipulations of Fact and Law within Joint Pretrial Order.*

2.      The original beneficiaries named on the Policy were Stavriani Triantafillou, Decedent's mother, and Christoforos Triantafillou, the Decedent's brother. *Id.*

3.      Ioannis's mother Stavriani Triantafillou predeceased Ioannis. (Alysha anticipated testimony).

4.      Decedent and Nikolaos Rentoulis were cousins. See Christina Stefanopoulos Declaration, ¶6.

5.      On or about May 22, 2020, Decedent submitted a Change in Beneficiary Designation to Equitable. See *May 22, 2020 Change in Beneficiary Designation, Exhibit CS-B.*

6.      The Change in Beneficiary Designation named Nikolaos Rentoulis as the beneficiary of the Policy. *Id.*

7.      The Change in Beneficiary Designation further provided that Dina Rentoulis would be the contingent beneficiary, and that, if both Nikolaos and Dina Rentoulis predeceased the Decedent, the children of Nikolaos and Dina Rentoulis would be the beneficiaries of the Policy, per stirpes. *Id.*

8.    CHRISTINA STEFANOPOULOS ("Christina") and TAMMY THANOS ("Tammy") are the sole children of Nikolaos Rentoulis and Dina Rentoulis, both of whom are deceased. See Declaration of Christina (¶4) and Declaration of Tammy (¶¶ 3-4).

9.    Nikolaos Rentoulis died of COVID on or about April 22, 2021. See *N. Rentoulis Death Certificate within Exhibit CS-D.* Dina Rentoulis died of COVID on or about June 5, 2021. See *D. Rentoulis Death Certificate within Exhibit CS-D.*

10.    IOANNIS TRANTAFILLOU ("Decedent" or "Insured") died on or about November 29, 2022, subsequent to the death of both Nikolaos Rentoulis and Dina Rentoulis. See *Stipulated Facts within Joint Pretrial Order and Exhibit CS-D.*

11.    Alysha Triantafillou ("Alysha") alleges that she is the daughter of the Decedent. See anticipated testimony of Alysha Triantafillou.

12.    The Decedent did not raise Alysha, and Alysha only changed her last name to Triantafillou in 2014. See *Name Change Documentation, Exhibit AT-18.*

13.    In or about December 2022, Tammy notified Equitable of Decedent's death, and thereafter she and Christina submitted paperwork for their claim for the proceeds as the children of Nikolaos and Dina Rentoulis. See *Tammy's Correspondence with Equitable, Exhibits CS-C and CS-D.*

14.    Alysha submitted a claim to Equitable, claiming that she was entitled to the proceeds of the Policy. See *Exhibit CS-E.* On the insurance claim form that Alysha submitted to Equitable, Alysha identified Nikolaos Rentoulis and Dina Rentoulis as the primary beneficiaries. (*Id.* at p. 5) Alysha also identified herself as the sole beneficiary.

## PROPOSED CONCLUSIONS OF LAW

1. In a federal interpleader action based upon diversity jurisdiction, the law of the forum state (here, New York) applies. *Citigroup Global Markets, Inc. v. KLCC Investments, LLC*, No. 06 Civ. 5466, 2015 WL 5853916 *6 (S.D.N.Y., September 28, 2015).

2. Under New York law, written instruments that have been entered into evidence enjoy a presumption of genuineness regarding signatures *Knight v. New York & Presbyt. Hosp.*, 219 A.D.3d 75, 80 (1st Dept. 2023).

3. While the presumption of signature genuineness is rebuttable, the law establishes a meaningful threshold that challengers must meet. *Id.*. Significantly, something more than a bald assertion of forgery is required to create an issue of fact contesting the authenticity of a signature. *Id.*

4. An alleged forgery of a decedent's signature must be proven by the party asserting forgery by clear and convincing evidence. See *In re Tenzer*, 144 A.D.3d 1044, 1045 (2d Dept. 2016) (affirming Surrogate's Court finding "that petitioner had proven by clear and convincing evidence that the decedent's signature on a lease, check, and deed were forgeries.").

5. The law strongly favors certainty in insurance beneficiary designations for compelling public policy reasons. As courts have recognized, it is in the public interest that insurance companies may pay benefits to the designated beneficiary as promptly after the insured's death as reasonably possible *McCarthy v. Aetna Life Ins. Co.*, 92 N.Y.2d 436, 441 (1998). If there were uncertainty as to the beneficiary upon the death of the insured, there would always be questions about proper payment of proceeds in cases where the right to change beneficiaries had been reserved. *Id.*

6.      This policy rationale supports maintaining strong presumptions in favor of properly submitted beneficiary change forms. To hold otherwise would create serious questions regarding payment of life insurance policies and would present risks that few companies would be willing to undertake.  *Id.*

7.      "New York presumes that a person is 'competent at the time of the performance of the challenged action and the burden of proving incompetence rests with the party asserting incapacity.'" *Liberty Life Assur. Co. of Boston v. Bahan*, No. 09 Civ. 4715, 2010 WL 3431147 *3 (S.D.N.Y., August 23, 2010) (citations omitted).

8.      "Under New York law, parties to any contract are presumed to be competent, and a party asserting incapacity has the burden of proving incompetence."…,"The cases demonstrate that under New York law that burden [of proving incapacity] is an extremely heavy one." *Sun Life Assur. Co. of Canada (U.S.) v. v. Gruber*, No. 05 Civ. 10194, 2007 WL 4457771 *14 (S.D.N.Y., December 13, 2007) (citations omitted).

9.      The party challenging the capacity of the decedent in having executed a beneficiary change designation must prove that the decedent lacked capacity on the specific day upon which the change form was executed.  *Sun Life*, *supra*.

10.     In order to prove that a person lacked capacity to change a beneficiary designation, the party challenging the designation must show, by clear and convincing evidence, that the insured lacked capacity to effect such a change.  See *Wyndham Hotel Group International, Inc. v. Silver Entertainment LLC*, No. 15-CV-7996, 2022 WL 296839 *2 (S.D.N.Y., February 1, 2022).

11.     "Under New York State law, a person lacks the capacity to execute a 'beneficiary designation' if he does not 'know the nature of his property, the nature of his act, and the natural objects of his bounty, including his relationship toward them and any consequences of his [change

in designated beneficiaries].'" *Murphy v. Conroy*, 08 Civ. 9917, 2011 WL 13556674 *5 (S.D.N.Y., July 6, 2011) (citations omitted).

12.    Under New York law, "something more than a bald assertion of forgery" is required to sustain such a claim. *Metropolitan Life Ins. Co. v. Giscombe*, No. 19 CV 4463, 2022 WL 2467066 *8 (E.D.N.Y., January 21, 2022) (citation omitted).

13.    When insurance companies have accepted and processed beneficiary change forms through their internal review processes, this provides additional support for the legitimacy of such changes. Courts have recognized that when funds have been disbursed, the court can assume that the company's internal review process was satisfied regarding the designation *Matter of Ritz*, 80 Misc. 3d 1067, 1071 (Sur. Ct. Monroe Co. 2023); *Matter of Walls*, 77 Misc. 3d 1208(A), 2022 N.Y. Misc. LEXIS 7165, *12-*13 (Sur. Ct. Monroe Co. Nov, 29, 2022) This institutional acceptance serves as an additional layer of validation beyond the legal presumption.

14.    Alysha did not proffer trial-admissible evidence sufficient to sustain her burden of proving, by clear and convincing evidence, that the Decedent lacked capacity to execute the change in beneficiary form on May 22, 2020.

15.    Alysha did not proffer trial-admissible evidence sufficient to sustain her burden of proving, by clear and convincing evidence, that the Decedent's change in beneficiary form was signed by someone other than Decedent.

16.    Alysha did not proffer trial-admissible evidence sufficient to sustain her burden of proving, by clear and convincing evidence, that she and/or Christoforos Triantafillou and/or the Estate of Ioannis Triantafillou, of which she claims to be the sole beneficiary, is the proper beneficiary of the Policy.

17.     Alysha failed to meet her burden of proof of submitting clear and convincing evidence that the Decedent's May 2020 designation of Nikolaos Rentoulis as beneficiary of the Equitable Policy was a forgery.

18.     As a matter of law, Tammy and Christina, the surviving issue of Nikolaos and Dina Rentoulis, are the sole beneficiaries of the Policy, and are entitled to the proceeds thereof per stirpes, pursuant to the May 22, 2020 beneficiary designation.

Dated:  Hawthorne, New York
          July 31, 2026

/s/ *Mark I. Reisman*

By:     _____

MARK I. REISMAN ESQ.
REISMAN RUBEO, LLP
*Attorneys for Christina Stefanopoulos*
151 Broadway
Hawthorne, New York 10532
(914) 495-3050
mreisman@rrllplaw.com

/s/ *Joshua S. Androphy*

By:     _____

JOSHUA S. ANDROPHY, ESQ.
MORRISON & TENENBAUM, PLLC
*Attorneys for Tammy Thanos*
87 Walker Street, Fl 1
New York, New York 10013
(212) 620-0938
jandrophy@m-t-law.com