UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- X

EQUITABLE FINANCIAL LIFE
INSURANCE COMPANY,

                 Interpleader Plaintiff,

       - against -                           No. 7:23-cv-07905-PMH

ALYSHA TRIANTAFILLOU, ALYSHA
TRIANTAFILLOU AS ADMINISTRATRIX
OF THE ESTATE OF IOANNIS
TRIANTAFILLOU, TAMMY THANOS,
CHRISTINA STEFANOPOULOS, ROSEMARIE
ZOTO, LOUIS ZOTO,

                 Interpleader Defendants.

-------------------------------------------------------------------------- X

ALYSHA TRIANTAFILLOU, ALYSHA
TRIANTAFILLOU AS ADMINISTRATRIX
OF THE ESTATE OF IOANNIS
TRIANTAFILLOU,

              Cross-Claim Plaintiffs,

      -against-

CHRISTOFOROS TRIANTAFILLOU,

              Cross-Claim Defendant.

--------------------------------------------------------------------------X

**MEMORANDUM OF LAW OF INTERPLEADER DEFENDANTS CHRISTINA
STEFANOPOULOS AND TAMMY THANOS IN SUPPORT OF MOTION IN LIMINE**

REISMAN RUBEO, LLP
*Attorneys for Christina Stefanopoulos*
151 Broadway
Hawthorne, New York 10532
(914) 495-3050

.

MORRISON & TENENBAUM, PLLC
*Attorneys for Tammy Thanos*
87 Walker Street, Fl 1
New York, New York 10013
(212) 620-0938

**TABLE OF CONTENTS**

Table of Authorities…………………………………………………………………………..ii

Preliminary Statement…………………………………………………………………………1

Point I – Certain Of Triantafillou's Witnesses Should Be Precluded……………………………..2

    A.    Previously Undisclosed Witnesses Should be Precluded…………………………2

    B.    Fact Witnesses Should be Precluded to the Extent that Their Testimony is Irrelevant to the Issues Herein or Is Otherwise Inadmissible…………………………….4

    C.    The Testimony of Bart Baggett Should be Precluded…………………………….7

Point II – Lay Witness Testimony Should Be Excluded With Respect To The Alleged Forgery And Medical Matters…………………………………………………………………………10

Point III – Testimony Of Purported "Prior Bad Acts" Should Also Be Excluded………………11

Point IV – Any Testimony By Alysha Triantafillou (Or Christoforos Triantafillou) Claiming That The Decedent's Communication To Either Of Them That One Or Both Were His Insurance Beneficiaries Should Be Excluded Under New York's "Dead Man Statute"……………………11

Conclusion…………………………………………………………………………………….12

## TABLE OF AUTHORITIES

Cases

*Adams-Flores v. City of New York*,
18-CV-12150, 2024 WL 519819 (S.D.N.Y., February 9, 2024) ................................................... 3

*Almeciga v. Center for Investigative Reporting, Inc.*,
185 F.Supp.3d 401 (S.D.N.Y. 2016) ...................................................................................... 7, 8

*Boucher v. Regan*,
88 A.D.2d 1066 (3d Dept. 1982)............................................................................................... 4

*Feiden v. Feiden*,
151 A.D.2d 889 (3d Dept. 1989)............................................................................................. 4, 5

*In re Zalk*,
10 N.Y.3d 669 (2008)............................................................................................................ 12

*Patterson v. Balsamico*,
440 F.3d 104 (2d Cir. 2006) ..................................................................................................... 3

*Poslock v. Teachers' Retirement Board*,
88 N.Y.2d 146 ....................................................................................................................... 12

*Sepulveda v. Aviles*,
308 A.D.2d 1 (1st Dept. 2003)................................................................................................ 12

*Sun Life Assur. Co. of Canada (U.S.) v. v. Gruber*,
No. 05 Civ. 10194, 2007 WL 4457771 (S.D.N.Y., December 13, 2007)........................... 4, 5, 12

*U.S. v. Scott,*
270 F.3d 30 (1st Cir. 2001) ..................................................................................................... 10

*Welte v. Protective Life Insurance Co.*,
No. 2020003948, 2021 WL 8015383 (Sup. Ct. Monroe Co., May 28, 2021) .......................... 12

Statutes
CPLR 4519............................................................................................................................. 12
Federal Rule of Evidence 404.................................................................................................11

Federal Rule of Evidence 701 ................................................................................................. 10
Federal Rule of Evidence 702 ............................................................................................... 7, 8
Federal Rule of Evidence 901(b)(2) ..................................................................................... 10
Fed. R. Civ. P. Rule 37 ........................................................................................................ 2, 3

Other Authorities

31 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 7107 (1997) ...... 10
Prince, Richardson on Evidence § 6–121, at 325 [Farrell 11th ed 1995 ....................................... 12

**PRELIMINARY STATEMENT**

Interpleader Defendant/Cross-Claimant/Cross-Claim Defendants CHRISTINA STEFANOPOULOS and TAMMY THANOS submit this Motion in Limine seeking the preclusion of the testimony and purported expert report of Bart Baggett, who was identified by Defendants/Cross-Claimants-Cross-Claim Defendants ALYSHA TRIANTAFILLOU and ALYSHA TRIANTAFILLOU AS ADMINISTRATRIX OF THE ESTATE OF IOANNIS TRIANTAFILLOU (collectively referred to herein as "Triantafillou," except where context dictates that either Ms. Triantafillou personally, or the Estate of Ioannis Triantafillou is referred to) in the Proposed Joint Pre-Trial Order as her expert witness. This motion in limine also seeks the exclusion of the testimony of certain fact witnesses Triantafillou identified in the Proposed Joint Pre-Trial Order.[1]

Triantafillou intends to call seven witnesses at trial. See Proposed Joint Pretrial Order, p.5 (***Exhibit B*** hereto). In doing so, it appears that Triantafillou intends to improperly try allegations that this Court expressly denied her leave to add to her cross-claims (see Minute Entry on Docket dated May 15, 2025 and ECF No. 80, in which Triantafillou sought to amend her pleading to add claims of "conversion, unjust enrichment, constructive trust and related equitable remedies" against NCS Kensico, Inc. and the Estates of Nikolaos Rentoulis and Dina Rentoulis).

Of the witnesses identified by Triantafillou, the only person who may have relevant, admissible testimony would be Alysha Triantafillou. Even so, her testimony should be limited to issues directly relevant to this interpleader action, and not to matters beyond the scope of this

---

[1] By Order dated July 29, 2026 (ECF No. 147), the Court directed Christina not to make a motion in limine with respect to Triantafillou's proposed trial exhibits. For this reason, no such relief is requested herein. However, Christina and Tammy continue to maintain their objections to certain of Triantafillou's trial exhibits, as indicated in the Proposed Joint Pre-Trial Order.

action; and the testimony of a duly authorized representative of Plaintiff EQUITABLE FINANCIAL LIFE INSURANCE COMPANY.  The testimony of Triantafilou's other intended witnesses should be excluded in full, either because such witnesses' testimony would be irrelevant to the facts of this interpleader action and/or would be hearsay and/or because the Triantafillou Defendants failed to disclose these witnesses during discovery.  See Points IA and IB, *infra*.

Additionally, the Court should exclude the testimony of Bart Baggett, Triantafillou's purported handwriting expert, for two reasons.  First, Triantafillou failed to properly and timely disclose this witness to opposing counsel, such that Mr. Baggett could be deposed during discovery.  More significantly, however, a review of Mr. Baggett's "expert report" reveals that it is based upon shoddy and questionable analysis, and  fails to satisfy the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S.579, 589 (1993) for the admissibility of expert testimony.  See Point IC, *infra*.

## POINT I – CERTAIN OF TRIANTAFILLOU'S WITNESSES SHOULD BE PRECLUDED

### A.    Previously Undisclosed Witnesses Should be Precluded

On February 21, 2024, Triantafillou served her Initial Disclosures.  See Triantafillou Initial Disclosures, *Exhibit A* hereto.  Triantafillou did not serve amended Initial Disclosures.  On July 30, 2025, Triantafillou submitted her list of witnesses and proposed trial exhibits as part of the parties' Proposed Joint Pretrial Order (ECF No. 111-1 and *Exhibit B* hereto).

The following trial witnesses identified by Triantafillou in the Joint Pretrial Order were never identified in her Rule 26 Disclosure: "Restaurant Depot Representative"; Stefan Stefanopoulos; Geore Bouigas; Angie J. Manolis.  Triantafillou also failed to disclose her intention to offer the testimony of a purported handwriting expert, Bart Baggett.

Fed. R. Civ. P. Rule 37(c)(1) provides as follows:

(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). "In determining whether to exclude such witnesses under Rule 37(c)(1), courts consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Adams-Flores v. City of New York*, 18-CV-12150, 2024 WL 519819 *2 (S.D.N.Y., February 9, 2024), quoting *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

Here, Triantafillou has proffered no excuse for her failure to disclose her intention to call as trial witnesses a Restaurant Depot representative, Stefan Stefanopoulos, Geore Bouigas or Angie J. Manolis. While Triantafillou did, on March 18, 2025 (after the close of discovery) proffer an expert's report to opposing counsel, she did not do so in time to allow for the deposition of Mr. Baggett. Additionally, she did not amend her Rule 26 disclosure to include the testimony of any of the newly named witnesses at trial, nor has she provided any excuse for her failure to do so. Moreover, upon information and belief, any excuse she may offer in opposition to this motion, or to demonstrate the supposed importance of these witnesses' testimony, will fail to sustain her burden of demonstrating that such testimony is important and relevant to her claims in this action, or to demonstrate that the opposing parties will not be prejudiced by such surprise testimony.

3

Ms. Stefanopoulos and Ms. Thanos will be prejudiced by the testimony of witnesses not previously identified by Triantafillou. They have not had an opportunity to conduct depositions to determine the scope of these witnesses' testimony, or to preserve their testimony for purposes of rebuttal at trial.

For these reasons alone, it is respectfully requested that the Court preclude Triantafillou from presenting the testimony of a Restaurant Depot representative, Stefan Stefanopoulos, Geore Bouigas, Angie J. Manolis or Bart Baggett.

**B.    Fact Witnesses Should be Precluded to the Extent that Their Testimony is Irrelevant to the Issues Herein or Is Otherwise Inadmissible**

The only relevant date for determining whether the Decedent had capacity to change his beneficiary designation is the date he allegedly did so – i.e., May 22, 2020.   See *Sun Life Assur. Co. of Canada (U.S.) v. v. Gruber*, No. 05 Civ. 10194, 2007 WL 4457771 *15 (S.D.N.Y., December 13, 2007), citing *Feiden v. Feiden*, 151 A.D.2d 889 (3d Dept. 1989). In *Feiden*, the Court found that the party challenging deeds executed by an Alzheimer's patient failed to overcome the presumption of capacity due to lack of evidence of incapacity on the *specific day* the deeds in question were executed:

> There was also no testimony by the physicians as to Frank's mental condition on the day the deeds were signed. The two who testified as to his incapacity did not see him that day. The nursing summaries for the relevant time period also indicated he was having lucid periods. Additionally, the only person actually present at the signing was the attorney who obtained Frank's signature and his testimony supported the conclusion that Frank was competent. Therefore, since, as Supreme Court noted, there was "no direct proof that [Frank] was not lucid, alert or oriented *at the time of the transaction*", we agree with that court's conclusion that the presumption of competency was not overcome in this case.

*Id*. at 891 (emphasis added). See also, *Boucher v. Regan*, 88 A.D.2d 1066 (3d Dept. 1982). As the Court noted in *Sun Life*, "[i]llness alone does not give rise to a presumption of incapacity," and a

4

party seeking to challenge a beneficiary designation bears "an *extremely* heavy burden." 2007 WL 4457771 at *14 (citations omitted, emphasis in original).

To the extent that Triantafillou seeks to introduce testimony concerning Decedent's purported incapacity on any date other than May 22, 2020, it should be precluded as irrelevant. *Sun Life, supra*; *Feiden, supra*.

The testimony of most of Triantafillou's previously-undisclosed witnesses should be precluded because it appears, from Triantafillou's description of the scope of their testimony, that they have nothing relevant to offer to the issues of this trial -i.e., Ioannis Triantafillou's mental capacity on May 22, 2020, and/or the alleged forgery of his signature on the beneficiary designation change form.

*1. "Restaurant Depot Representative"*

Triantafillou seeks to call a "Restaurant depot representative" to testify "regarding subpoenaed records." While the precise nature of such testimony is unknown, it is unclear what relevance such records could possibly have to the question of Ioannis Triantafillou's capacity to change his life insurance beneficiary on May 22, 2020. Such testimony should, accordingly, be precluded to prove alleged incapacity.

To the extent that Triantafillou might seek to offer the testimony of a "Restaurant Depot Representative" to prove her allegation of forgery, it is unclear what relevance such testimony might have to that issue.

Moreover, upon information and belief, none of the subpoenaed documents produced by Restaurant Depot contain the confirmed or purported handwriting of Ioannis Triantafillou for possible purposes of analysis by Bart Baggett, if Mr. Baggett is permitted to testify at trial despite the objections raised herein.

5

*2.*        *Stefan Stefanopoulos*

Triantafillou seeks the testimony of Mr. Stefanopoulos (who is married to Christina Stefanopoulos) with respect to "signatory to the application for Restaurant Depot"). Any document signed by Mr. Stefanopoulos is patently irrelevant to the question of Mr. Triantafillou's capacity on May 22, 2020, or to allegations that Mr. Triantafillou's signature was forged on the Equitable Life Assurance Company Beneficiary Designation Form. There is no need, in this action, to authenticate the signature of Stefan Stefanopoulos because his signature is wholly irrelevant to the material issues in this case. For this reason, Mr. Stefanopoulos's testimony concerning a Restaurant Depot application should be precluded, as well.

*3.*        *Geore Bouigas*

Triantafillou intends to call this "Dr. at Paladdion rehabilitation center" (Greece) regarding "Ioannis being at the rehabilitation center." Again, the testimony of this witness as to the Decedent's general presence at a rehabilitation center is irrelevant to either his capacity on May 22, 2020, or to the identification of his handwriting and whether the signature on the Beneficiary Designation Change Form is that of Mr. Triantafillou. For this reason, the testimony of Geore Bouigas should be precluded, except and only to the extent that it pertains the witness's observations concerning the Decedent's capacity, on May 22, 2020, the date that he changed the beneficiaries of his life insurance policy.

*4.*        *Angie J. Manolis*

It is unclear what testimony Triantafillou seeks to elicit from this witness, as all that has been offered in the Pretrial Order is that she is a "Greek attorney who personally knew the decedent while he was in Greece." This explanation is bereft of any claim that this witness will testify about anything relevant to the Decedent's capacity on May 22, 2020. Because, without additional

explanation, this witness's alleged knowledge of the Decedent is irrelevant to the material issues in this case, the witness's testimony should be precluded.

**C.    The Testimony of Bart Baggett Should be Precluded**

Experts such as handwriting analysts are subject to the rules set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S.579, 589 (1993) for admissibility of proffered expert testimony.  *Kumho Tire Company, LTD v. Carmichael*, 526 U.S.137 (1993).  Under *Daubert*, as explained by the Supreme Court in *Kumho Tire*, "Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony…is not only relevant, but reliable.'" (Citation omitted).  The *Daubert* factors include:

- Whether a "theory or technique…can be (and has been) tested;

- Whether it "has been subjected to peer review and publication";

- Whether, in respect to a particular technique, there is a high "known or potential rate of error" and whether there are "standards controlling the technique's operation"; and

- Whether the theory or technique enjoys 'general acceptance' within a "relevant scientific community."

526 U.S. at 149-150 (citation omitted).

The Southern District of New York has expressed extreme skepticism of "expert" handwriting analysis.  In *Almeciga v. Center for Investigative Reporting, Inc*., 185 F.Supp.3d 401 (S.D.N.Y. 2016), the Court (Rakoff, J.) examined the *Daubert* factors in depth with respect to a proffered expert report of a handwriting analyst.  There, the Court excluded the testimony of plaintiff's proffered handwriting analyst's "expert" testimony, holding that "handwriting analysis in general is unlikely to meet the admissibility requirements of Federal Rule of Evidence 702…."  *Id*. at 407-408.  In so doing, the Court found that the "ACE-V" method bore "none of the indicia

of science and suggests, at best, a form of subjective expertise." *Id*. at 419. The Court further found that the first *Daubert* factor was not met, due to a lack of testing of the methodology. *Id*. With respect to the second *Daubert* factor, the Court found that "to the extent the field has been subject to any "peer" review and publication, the review has not been sufficiently robust or objective to lend credence to the proposition that handwriting comparison is a scientific discipline." *Id*. at 421. The Court also found that handwriting analysis failed to satisfy the third and fourth *Daubert* factors, because "the available error rates for handwriting experts are unacceptably high" (*id.* at 422) and because "the field of handwriting comparison appears to be 'entirely lacking in controlling standards.'" (*Id*. at 422). The Court noted, further, that the fact that "plaintiff's counsel sought to bias [the handwriting analyst] from the start" (*id*. at 424), which was "contrary to the well-established principle that experts must, to the maximum extent possible, proceed 'blindly,' that is, without knowledge of the result sought by the party seeking to retain them." (*Id*. at 425).

In the present case, the report of Bart Baggett is glaringly inadequate and should, as in *Almeciga*, be excluded in its entirety. First of all, several of the "known" handwriting samples Mr. Baggett compares are from decades prior to the 2020 life insurance beneficiary designation change form at issue here, yet his report fails to take into account, or even mention, the change in handwriting that even any layperson can attest often occurs over time. This omission is particularly glaring in light of Triantafillou's allegation that the Decedent suffered from a physically debilitating disease for years before his death.

Moreover, the purportedly "known" handwriting samples lack any indicia that makes them qualify as known documents. Under standards for document examination developed by The Scientific Working Group for Forensic Document Examination (SWGDOC), the term "known

8

writings" is defined as: "Writings of established origin that can be used as a basis for comparison with questioned writings." The purportedly known documents do not qualify because they are not writings of established origin; instead, they are writings of asserted origin by Triantafillou.

Additionally, Mr. Baggett himself concedes that "there were some limitations to this examination including, but not limited to a lack of access to the originals or high-quality resolution photographs of the Q1, Q2, Q3, and Q4 documents." (**Exhibit C** [Baggett Declaration], p. 6). *Q1, Q2, A3 and Q4 are the very documents which Triantafillou hired Mr. Baggett to analyze so it is particularly telling that he qualified his opinion in this manner, and further demonstrated that, in fact, his "opinion" is completely unreliable*.

Mr. Baggett's report fails to satisfy *any* of the *Daubert* factors. It fails to discuss how his methodology follows the "ACE Method" he references on page 3 of his report (other than to conclusorily state that he used this method), or even to explain what the" ACE Method" entails. Baggett fails to discuss any peer review of the "ACE Method" and/or of the manner in which Mr. Baggett examined the handwriting samples. The report fails to address error rates or provide any explanation to the Court, of whether or not the method of analysis has a high rate of errors – and, in fact, specifically disclaims the accuracy of the report by pointing to the lack of good copies of the "Q" samples. Finally, Mr. Baggett's curriculum vitae demonstrates that he acquired his "expertise" in handwriting analysis via apprenticeships, rather than via accredited university study as would be normal for an established scientific discipline.

It also appears that, instead of offering conclusions of fact based upon his alleged expertise in the field of handwriting analysis, his conclusions are, instead, improper legal opinions. For example in one portion of his report Mr. Baggett concludes that "[t]hese documents contain *forged, fraudulent* signatures of Mr. Triantafillou." (**Exhibit C**, p. 6 – emphasis added). Clearly, his

9

approach to handwriting analysis is not that of an unbiased scientist seeking the truth, but, rather, that of a hired advocate for Triantafillou.

For all of these reasons, and pursuant to the Court's analysis in *Almeciga*, the purported "expert" report of Bart Baggett fails to satisfy the *Daubert* Test.  It should be excluded from evidence.

In the  event that the Court rules that Mr. Baggett may testify as an expert in this action, Ms. Stefanopoulos intends to offer the rebuttal testimony of Ruth Brayer.  A copy of her direct testimony is being submitted to the Court.

## POINT II – LAY WITNESS TESTIMONY SHOULD BE EXCLUDED WITH RESPECT TO THE ALLEGED FORGERY AND MEDICAL MATTERS

Lay witness testimony should be excluded with respect to Decedent's handwriting, the handwriting of anyone else, and the allegation that his signature was forged on the 2020 Beneficiary Designation form.  *See* 31 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 7107 (1997) ("Where a lay witness bases a handwriting opinion on exemplars reviewed for purposes of the litigation, the witness brings no more to that analysis than does the trier of fact.") (citing *U.S. v. Scott,* 270 F.3d 30, 50 (1st Cir. 2001).  See F.R.E. 701, 901(b)(2).  Thus, lay testimony alleging that the signature on the Beneficiary Designation Form does not match the Decedent's handwriting could only be offered by a witness previously familiar with his handwriting prior to the litigation.

With respect to the allegation of the Decedent's alleged incompetence on May 22, 2020, any lay testimony proffered relevant to this particular date must be limited to the witness's observations as to the Decedent's demeanor on that date, rather to any claim of medical diagnosis or other technical medical testimony.  F.R.E. 701(c).

10

## POINT III – TESTIMONY OF PURPORTED "PRIOR BAD ACTS" SHOULD ALSO BE EXCLUDED

It appears, from Triantafillou's submission within the Proposed Joint Pretrial Order, that she will seek to prove her allegation that someone other than Ioannis Triantafillou executed the 2020 Beneficiary Designation form by introducing evidence that she claims shows that someone other than the Decedent was transferring funds from the Decedent's bank account (AT #5, possibly AT#23, 24, 25 – the admissibility of which are not conceded herein). While any such evidence would hardly provide clear and convincing evidence that someone else signed the Decedent's name to a document in May 2020, testimony relating to such documents is also inadmissible to the extent that it might be used by the Triantafillou Defendants to try to show some sort of prior bad acts by some unspecified person whom they might imply also may have forged the beneficiary designation.[2]

Under FRE 404, evidence of prior bad acts is inadmissible to prove a person's character and that the person acted in accordance with that bad character with respect to the incident in question – i.e., the alleged forgery of the insurance paperwork. Additionally, it would, we contend, be all the more egregious for the Court to permit testimony and evidence of the supposed bad character of deceased persons, such as Nikolaos Rentoulis and/or Dina Rentoulis (if, indeed, it is Triantafillou's argument that they were the people who allegedly forged the signature), who cannot appear in Court to rebut any aspersions cast on their character or alleging that they acted improperly in their treatment of Ioannis Trianafillou.

## POINT IV – ANY TESTIMONY BY ALYSHA TRIANTAFILLOU (OR CHRISTOFOROS TRIANTAFILLOU) CLAIMING THAT THE DECEDENT'S COMMUNICATION TO EITHER OF THEM THAT ONE OR BOTH WERE HIS INSURANCE BENEFICIARIES SHOULD BE EXCLUDED UNDER NEW YORK'S "DEAD MAN STATUTE"

---

[2] See, generally, Stefanopoulos' Memorandum of Law setting forth the burden of proof in this action, submitted simultaneously with this motion.

11

New York's Dead Man Statute, CPLR 4519, precludes self-interested testimony concerning a decedent which said decedent would be unable to refute:

"CPLR 4519 disqualifies parties interested in litigation from testifying about personal transactions or communications with deceased or mentally ill persons (Prince, Richardson on Evidence § 6–121, at 325 [Farrell 11th ed 1995] )." (*Poslock v. Teachers' Retirement Board,* 88 N.Y.2d 146, 150….). The underlying purpose of the rule is "to protect the estate of the deceased from claims of the living who, through their own perjury, could make factual assertions which the decedent could not refute in court"…. "The statute prevents any person 'interested in the event' from testifying to a 'personal transaction' with the deceased unless the representative of the deceased has waived the protection of the statute by testifying himself or introducing the testimony of the decedent into evidence at trial" (*id.*).

*Sepulveda v. Aviles*, 308 A.D.2d 1, 10 (1st Dept. 2003); see also, *Welte v. Protective Life Insurance Co.*, No. 2020003948, 2021 WL 8015383 *1 (Sup. Ct. Monroe Co., May 28, 2021) (citing *In re Zalk*, 10 N.Y.3d 669, 679 (2008) and *Poslock v Teachers' Retirement Bd. of Teachers' Retirement System*, 88 N.Y.2d 146, 152 (1996). This statute has been applied in federal interpleader litigation. See *Sun Life Assur. Co.*, *supra*, 2007 WL 4457771 at *15.

Here, it does not appear, from Alysha's deposition testimony, that she ever had conversations with Ioannis Triantafillou concerning the Equitable life insurance policy See Excerpts of Transcript of Deposition Testimony of Alysha Triantafillou, p. 43 – *Exhibit D* hereto). Indeed, she testified that she did not see him in person from 2017 until his death in 2022 (*id.*, pp.111-112). Nevertheless, in the event that Alysha should attempt to offer evidence of purported conversations with Ioannis Triantafillou as to his wishes with respect to his life insurance policy, such testimony should be precluded.

## CONCLUSION

For all of the foregoing reasons, CHRISTINA STEFANOPOULOS and TAMMY THANOS respectfully request that the Court preclude ALYSHA TRIANTAFILLOU and ALYSHA

TRIANTAFILLOU AS ADMINISTRATRIX OF THE ESTATE OF IOANNIS TRIANTAFILLOU from introducing at trial the testimony set forth herein as inadmissible.

Dated: Hawthorne, New York
         July 31, 2026

                                        Respectfully submitted,


                                        REISMAN RUBEO, LLP

                              By:    /s/ *Mark I. Reisman*
                                        MARK I. REISMAN, ESQ.
                                        MARK A. RUBEO, JR., ESQ.
                                        SHARMAN T. PROPP, ESQ.
                                        *Attorneys for Christina Stefanopoulos*
                                        151 Broadway
                                        Hawthorne, New York 10532
                                        (914) 495-3050
                                        mreisman@rrllplaw.com
                                        mrubeo@rrllplaw.com
                                        spropp@rrllplaw.com


                                        MORRISON TENENBAUM, PLLC

                                        /s/ *Joshua S. Androphy*

                                        JOSHUA S. ANDROPHY, ESQ.
                                        *Attorneys for Tammy Thanos*
                                        87 Walker Street, 2nd Floor
                                        New York, New York 10013
                                        (212) 620-0938
                                        jandrophy@m-t-law.com

13